MARY A. WHITE, Petitioner, *vs.* JAMES E. MANTER.

Cumberland. Opinion October 15, 1912.

*Alternative Writ. Corporation. Inspection. Limitation. Motive or Purpose Immaterial. Statute Mandatory. R. S., Ch. 47, Sect. 20. Stockholders.*

1. Under the statutes of this State, R. S., chapter 47, section 20, the right of a stockholder to inspect the corporate records and the list of stockholders is absolute and unlimited. The purpose of a desired inspection is immaterial. The right to take copies and minutes from the records is limited to such parts as concern the stockholder's interests.

2. A petition for mandamus by a stockholder to compel the officers of a corporation to permit him to inspect the corporate records is not faulty for the reason that it fails to allege the purpose for which inspection is desired.

3. Assuming that the court may not be required in every case to afford the aid of the discretionary writ of mandamus to a stockholder who desires to inspect corporate records, the writ will not be denied for the reason that it appears that the stockholder's purpose is to ascertain how much stock is owned by her former husband, with whom she is in litigation over the question of alimony, or, to gain from the records information which will assist her in litigation hostile to the corporation.

4. Upon exceptions to an order for the issuing of a peremptory writ of mandamus, the court cannot direct a modification of the decree. It can only sustain or overrule the exceptions.

5. When a decree, otherwise properly ordered, follows the language of the statute upon which it is based, it cannot be held to be erroneous in law, on exceptions, on the ground that the court failed to limit or define the meaning of a statutory term, which is susceptible of two meanings.

On exceptions by defendant. Overruled.

This is a petition for mandamus to compel the defendant, as clerk of the New England Land Company, a corporation, to allow the petitioner to examine the records and stock book of the corporation and to take copies and minutes therefrom of such parts as

concern her interests as stockholder in said corporation. The defendant moved to quash the alternative writ, because the petitioner did not state in her petition the purpose for which she desired to examine the books. This motion was denied and the defendant excepted. After a hearing a peremptory writ was ordered to issue and to that order the defendant excepted.

The case is stated in the opinion.

*Charles E. Gurney,* for plaintiff.

*John Burke and Verrill, Hale & Booth,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

SAVAGE, J. Petition for mandamus to compel the defendant, as clerk of the New England Land Company, a corporation, to allow the petitioner to examine the records and stock book of the corporation and to take copies and minutes therefrom of such parts as concern her interests.

The petitioner is a stockholder in the defendant corporation. In her petition she does not state the purpose for which she desires to examine the books. And for this reason the defendant moved to quash the alternative writ. The motion was denied, and the defendant took an exception. After hearing a peremptory writ was ordered to issue, and to that order the defendant excepted.

It is provided by R. S., chap. 47, sect. 20, that all corporations, existing by virtue of the laws of the State, shall have a clerk, and a clerk's office within the State where shall be kept their records and a book showing a true and complete list of all stockholders, their residences, and the amount of stock held by each. . . . "Such records and stock book shall be open at all reasonable hours to the inspection of persons interested, who may take copies and minutes therefrom of such parts as concern their interests."

The common law gave to stockholders the right to examine the books, records and papers of the corporation, when the inspection was sought at proper times and for proper purposes. 10 Cyc., 954; In re Steinway, 159 N. Y., 250. And it is generally held at common law that the purpose must relate to the interest of the stockholder as such. *Varney* v. *Baker,* 194 Mass., 239, and cases cited; In re

Steinway, supra; *Stone* v. *Kellogg,* 165 Ill., 192; *Venner* v. *Chicago City Railway Co.,* 246 Ill., 170.

The defendant contends that the statute above cited is affirmatory of the common law, and that the right under the statute to inspect is subject to the same limitations as the right under the common law. Starting with this premise, the defendant contends, first,—as to pleading, that the petitioner must allege and prove a proper purpose, and secondly,—as to the merits, that the petitioner's purpose is not a proper one.

We think that the statute is affirmatory of the common law, and that it is more. It adds to the common law right, it removes some of the common law limitations. In other words, the statute right of inspection of corporate records and of the list of stockholders by a stockholder is absolute and unlimited. The statute does not make the purpose material, and we cannot. We are now speaking of the statutory right, and not of any particular remedy. Where the right is guaranteed by statute, the great weight of authority is to the effect that the motive or purpose of seeking to exercise it is not the proper subject of judicial inquiry. The court, in *Henry* v. *Babcock & Wilson Co.,* 196 N. Y., 302, said:—"No doubt the Legislature could make the stockholder's privilege of inspection dependent upon the motive or purpose with which it is sought; but it has not seen fit to do so. The language of the statute is plain and mandatory. It recognizes the absolute right in the stockholder and imposes an absolute duty upon the corporation and the custodian of the stock book. The law requires no statement of any particular interest upon the part of the person demanding the inspection. He must be a stockholder, and must prefer his request during reasonable hours; that is all." So in *Venner* v. *Chicago City Railway Co.,* 246 Ill., 170, the court, pointing out the distinction between the common law right and an unlimited right given by the statute, said:—"When the right is conferred by statute in absolute terms, the purpose or motive of the stockholder in making the demand for an inspection is not material, and he cannot be required to state his reasons therefor. To the same effect are *Foster* v. *White,* 86 Ala., 467; *Wilson* v. *St. Louis & San Francisco Ry. Co.,* 29 N. W. App., 301; *Hub Construction Co.* v. *Breeders' Club,* 74 N. H., 282; *Ellsworth* v. *Dorwart,* 95 Iowa,

108 (58 Am. St. Rep. 427); *Johnson* v. *Langdon,* 135 Cal., 624; *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St., 189; *Weihenmayer* v. *Bitner,* 88 Md., 331, (45 L. R. A., 456). According to the tenor of these cases, which we approve, the petitioner was not required to allege and prove her purpose, and the refusal to quash the writ for that reason was right.

The foregoing discussion applies also to the main question, whether the peremptory writ was properly ordered to issue. The stockholder's right to inspect is unlimited. The purpose he seeks to promote is not confined to his interest in the corporation as a stockholder. It has been held that the fact that he is a competitor in business is not a sufficient reason for denying the right. *Weihenmayer* v. *Bitner,* supra. And so, when the purpose is to enable the stockholder to enforce a claim against the corporation itself.

But to avoid any misconstruction, it should be observed that while the right of stockholders to inspect the records of the corporation and the list of stockholders is unlimited, the right "to take copies and minutes therefrom" is limited to such parts "as concern their interests." It has been frequently held that the right to make copies and minutes is at common law necessarily incidental to the right to inspect. However this may be, the statute in this state is restrictive. The stockholder has no statutory right to make copies or minutes of more than concerns his interests.

Although we have used the language of the cases in saying that the motive or purpose of seeking to exercise the right is immaterial upon the question of right, the courts are not agreed that it is compulsory upon the court in all cases to enforce the right by mandamus, which is a discretionary writ, and not a writ of right. Some courts seem to hold that when the right to inspect is guaranteed by statute, mandamus must issue as a matter of course, and that nothing is left to the discretion of the court. See In re Steinway, 159 N. Y., 250; *Venner* v. *Chicago City Railway Co.,* 246 Ill., 170; *Ellsworth* v. *Dorwart,* 95 Iowa, 108; 10 Cyc., 956. It is elsewhere held that the statutory right, while absolute in terms, is subject to the implied limitation that it shall not be exercised from idle curiosity, or for a merely vexatious or an unlawful purpose. *White* v. *Foster,* 86 Ala., 467; *Stone* v. *Kellogg,* 165 Ill., 192; *O'Hara* v. *National Biscuit Co.,* 69 N. J. Law, 198; *Weihenmayer*

v. *Bitner,* 88 Md., 325.   It is impossible as yet to extract a rule
that may be called well settled.

But whatever may be the precise limitations, if there are any,
we find no case under a statute that goes farther than *White* v.
*Foster,* supra, except *O'Hara* v. *National Biscuit Co.,* supra.   In
the last case cited, the court attaches to the statute guaranty the
common law limitation that the inspection must relate to the stock-
holder's rights as a stockholder.   This is contrary to the great
weight of authority.   We are not called upon in this case to fix
the limitations, for if we assume that we have the authority to
deny the writ, when to issue it would be merely to serve curiosity,
or to promote a vexatious or unlawful purpose, in other words,
enable the petitioner to abuse the writ rather than use it, we do not
think the facts in this case warrant any such limitation.   The
petitioner swears that her purpose in inspecting the records is to
enable her to judge better of the value of her stock.   The defendant
contends that her real purpose is to find out what amount of stock
is owned by her former husband, from which she has been divorced,
and against whom proceedings are now pending to determine the
amount of her alimony; that another purpose is to gain from the
records information which will assist her in litigation hostile to
the corporation, in which she is seeking to recover a dower interest
in certain real estate which her husband has conveyed to the cor-
poration; and that she is looking for information which may
assist her brother, who is a competitor of the corporation.   This
last contention is not supported by the evidence.   Assuming that
the other contentions of the defendant are well founded, we do not
think that under the broad right of inspection given by the statute,
the purpose should be adjudged vexatious, improper or unlawful,
even if that question is open.   Accordingly, we hold that the power
of the court was properly exercised in this case.

The defendant's last contention is that the form of the peremp-
tory writ which was ordered to issue should be modified so as to
command the defendant to permit an inspection of the corpora-
tion records only, as distinguished from the records of the directors'
meetings.   We cannot order the decree modified.   In the form in
which the case comes up we can only sustain or overrule the excep-
tions.   But the decree below was that a peremptory writ issue as

prayed for, and the prayer of the petition was that the defendant be "commanded" to allow the petitioner to inspect "the records and stock book" of the corporation and "to take copies and minutes therefrom of such parts as concern her interest." The prayer follows the language of the statute precisely. So will the peremptory writ. It does not appear that the court was asked to define the word "records" in the statute, or to limit its meaning in the peremptory writ, or that the point was made in any form at the hearing. When a decree, otherwise properly ordered, follows the language of the statute upon which it is based, it cannot be held to be erroneous in law, on exceptions, on the ground that the court failed to limit or define the meaning of a statutory term, which is susceptible of two meanings. If a limitation is desired, it must be asked for and denied, or the point otherwise ruled upon, before error can be predicated. So, without expressing any opinion as to more than the records of the meetings of a corporation, we merely decide that the exceptions cannot be sustained.

*Exceptions overruled.*