(June 19, 1917.)

FRANKLIN PFIRMAN, Respondent, v. SUCCESS MINING COMPANY, LIMITED, a Corporation, and E. H. BECKER, C. M. CARROLL, P. J. GEARON and JAMES GEARON, Directors of Said Corporation, and L. C. WILSON, Director and Secretary of Said Corporation, Appellants.

[166 Pac. 216.]

MANDAMUS—CORPORATION—CORPORATION RECORDS—STOCKHOLDERS—INSPECTION OF CORPORATE RECORDS—TAKING COPIES OF CORPORATE RECORDS.

  1. It is an imperative rule that before making an application for a writ of mandate, an express demand or request must be made on the defendant to perform the act sought to be enforced by the writ.

  2. The facts of this case examined, and held sufficient to sustain the findings of the lower court to the effect that there was a demand and a refusal.

  3. The refusal to permit a stockholder to appoint his own agent or attorney to examine the records of the corporation was in effect a denial of his right to examine such records.

4. At common law the right to inspect the corporate records by a stockholder was a right incident to ownership. This right, however, was limited to cases where an inspection was sought at proper times and in good faith for the purpose of protecting the interests of the corporation or his own interests as stockholder.

5. Under Rev. Codes, sections 2775, 2776 and 7122, the right of a stockholder to inspect and take copies of the records of a corporation is absolute.

6. The right to make copies of the records of a corporation follows as an incident to the right to examine and inspect the same.

[As to stockholder's right to inspect books of the corporation and remedies to enforce the right, see note in 107 Am. St. 607.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Petition for writ of mandate. Peremptory writ issued. Defendants appeal. *Affirmed.*

J. E. Gyde, for Appellants.

Before a writ of mandate will issue commanding that certain acts be done, there must be a demand and a refusal. (*Price v. Riverside Land Co.,* 56 Cal. 431; *Wilson v. Board of Directors, etc.,* 138 Cal. 67, 70 Pac. 1059; *Oroville & V. R. R. Co. v. Supervisors of Plumas County,* 37 Cal. 354; *Moseley v. Collins,* 133 Ala. 326, 32 So. 131; *Lake Erie & W. R. Co. v. State,* 139 Ind. 158, 38 N. E. 596; 13 Ency. Pl. & Pr. 617.)

The demand must be made upon the proper officer. (13 Ency. Pl. & Pr. 618.)

At common law the right to inspect the books and records of a corporation existed, but that right could only be exercised in good faith and for some just, useful or reasonable purpose. The right was not enforced for speculative purposes or to gratify idle curiosity, where the interests of the stockholders and their protection were not involved. (7 R. C. L. 326, sec. 303; *Commonwealth v. Empire Pass Ry. Co.,* 134 Pa. 237, 19 Atl. 629; *Hemmingway v. Hemmingway,* 58 Conn. 443, 19 Atl. 766; *Lyon v. American Screw Co.,* 16 R. I. 472, 17 Atl. 61; *State v. Jessup & Moore Paper Co.,* 7 Penne. (Del.) 397, 72 Atl. 1057; *In re Devengoechea,* 86 N. J. L. 35, 91 Atl. 314.)

James A. Wayne, for Respondent.

The first refusal to permit an inspection of these records was made at the annual stockholders' meeting of April 3, 1916. No further notice or demand was necessary prior to the commencement of this action, for the reason that when one stockholder has reason to believe the demand will be refused, the necessity of such demand is obviated. (26 Cyc. 342.)

A denial of the right to inspect such books and records through the medium of agents is in effect a denial of the right of the stockholder himself to make such inspection. (*Mitchell v. Rubber Reclaiming Co.* (N. J. Eq.), 24 Atl. 407; *Cincinnati Volksblatt Co. v. Hoffmeister,* 62 Ohio St. 189, 78 Am. St. 707, 56 N. E. 1033, 48 L. R. A. 732.)

The right of a stockholder to make this inspection is not abridged or influenced in any manner by the motives which prompt the application to inspect, and no matter how improper the motives may be, and even though it be established that it is one of his purposes to use such information against the interests of the corporation, he still has the right to inspect. (*Johnson v. Langdon,* 135 Cal. 624, 87 Am. St. 156, 67 Pac. 1050; *Weinhenmayer v. Bitner,* 88 Md. 325, 42 Atl. 245; 10 Cyc. 956; *White v. Manter,* 109 Me. 408, 84 Atl. 890, 42 L. R. A. (N. S.) 332; *Kimball v. Dern,* 39 Utah, 181, Ann. Cas. 1913E, 166, 116 Pac. 28, 35 L. R. A. (N. S.) 134; *Poor v. Yarnell,* 28 Cal. App. 714, 153 Pac. 976.)

RICE, J.—This suit was brought in the District Court for Shoshone county by the respondent herein for the purpose of obtaining a writ of mandate against the appellants requiring them to permit an examination of the records of appellant corporation and to permit the respondent to make copies of the same. The court after filing its findings of fact and conclusions of law, ordered and decreed that a peremptory writ issue to the defendants requiring them to permit the plaintiff personally or through his agents, auditors, bookkeepers, accountants and attorneys to inspect, examine

and take copies of the records, books and papers in the office of the Success Mining Company, of every kind and nature and description whatsoever, save and except reports of any engineers and maps prepared for the use of defendant corporation in certain pending litigation.

The respondent is the owner of 100 shares of the capital stock of the appellant corporation, and as such stockholder attended the annual meeting of the stockholders held on the 3d day of April, 1916. During the course of said meeting he made informal demand upon the officers of the appellant corporation of the privilege of examining and inspecting a certain ore contract between the appellant corporation and the Graeselli Chemical Company. He was informed by the secretary of the appellant corporation that neither the ore contract nor any other matter pertaining to the company's affairs would be given out except at the option of the officers of the company, and subsequently, upon the 18th day of April, 1916, he made a formal oral and written demand upon the secretary of the appellant corporation, demanding the right to examine and inspect all the records of the corporation. At this time the secretary of the appellant corporation invited the respondent to make a personal examination and inspection of all the records of the company at its office, but stated that the contract between appellant corporation and the Graeselli Chemical Company was at the mine office several miles away, and that he had no control over the same. Appellant's secretary was willing that the respondent make a personal examination, but declined to permit such examination to be made by an agent, unless such agent was acceptable to himself. The secretary also refused to permit a copy to be made of the list of stockholders. Upon the 19th day of April, 1916, this suit was filed.

It is without doubt the law that before a writ of mandate will issue commanding certain acts to be done, there must be a demand and a refusal. (*Price v. Riverside Land Co.,* 56 Cal. 431.) The appellants contend that in this case none of its officers ever refused to permit the respondent to examine the records in the office of the appellant corporation

at Wallace, and that as to the contract with the Graeselli Chemical Company, respondent never demanded an examination of the same. The refusal to permit respondent to appoint his own attorney or agent to make the examination was in effect a denial of his right. (*Mitchell v. Rubber Reclaiming Co.* (N. J. Eq.), 24 Atl. 407.) There is no dispute but that the secretary of the appellant corporation absolutely refused to permit respondent to take copies of the records in the office of the company. Upon the entire proof offered at the trial the evidence of such demand and refusal is sufficient to sustain the findings of the lower court.

The error to which our attention is next directed is the action of the lower court in sustaining objections to the two following questions asked witness Howarth: First, "From your experience as a mining broker, what is your opinion as to the advisability, the taking into the—taking into consideration the interests of the stockholders of a corporation, to give out a list of stockholders?" And second, "What value is a list of stockholders?" The fifth and last error specified is that the court erred in entering judgment and decree in favor of the respondent.

These specifications of error involve the nature of the right of a stockholder to make examination and inspection, either personally or by his authorized agent or attorney, of the records of a corporation in which he holds stock and to make copies of the same. At common law, one of the privileges incident to the ownership of stock in a corporation is that of inspection of the books and records of the company. This privilege, however, was limited to cases where an inspection was sought at proper times and in good faith for the purpose of protecting the interests of the corporation and his own interests as a stockholder. (*Varney v. Baker,* 194 Mass. 239, 10 Ann. Cas. 989, 80 N. E. 524; *Venner v. Chicago City Ry. Co.,* 246 Ill. 170, 138 Am. St. 229, 20 Ann. Cas. 607, 92 N. E. 643; *White v. Manter,* 109 Me. 408, 84 Atl. 890, 42 L. R. A., N. S., 332.) This common-law rule has been adopted and extended by Rev. Codes, sections 2775 and 2776, which read as follows:

"Sec. 2775: All corporations for profit are required to keep a record of all their business transactions; a journal of all meetings of their directors, members, or stockholders, with the time and place of holding the same, whether regular or special, and if special, their object, how authorized, and the notice thereof given. The record must embrace every act done or ordered to be done; who were present, and who absent, and, if requested by any director, member, or stockholder, the time must be noted when he entered the meeting or obtained leave of absence therefrom. On a similar request, the ayes and noes must be taken on any proposition, and a record thereof made. On similar request, the protest of any director, member or stockholder, to any action or proposed action, must be entered in full—all such records to be open to the inspection of any director, member, stockholder, or creditor of the corporation."

"Sec. 2776: In addition to the records required to be kept by the preceding section, corporations for profit must keep a book, to be known as the "Stock and Transfer Book," in which must be kept a record of all stock; the names of the stockholders or members, alphabetically arranged; instalments paid or unpaid; assessments levied and paid or unpaid; a statement of every alienation, sale or transfer of stock made, the date thereof, and by and to whom; and all such other records as the by-laws prescribe. Corporations for religious and benevolent purposes must provide in their by-laws for such records to be kept as may be necessary. Such stock and transfer book must be kept open to the inspection of any stockholder, member, or creditor."

These sections must be read in connection with section 7122, Rev. Codes, which is as follows:

"Sec. 7122: Every officer or agent of any corporation, having or keeping an office within this state, who has in his custody or control any book, paper or document of such corporation, and who refuses to give to a stockholder or member of such corporation, lawfully demanding, during office hours, to inspect or take a copy of the same, or any part thereof,

a reasonable opportunity so to do, is guilty of a misdemeanor.''

It is the decided weight of authority that such statutes have not only adopted the common-law rule, but have extended the same, and that the statutes make the right absolute. (*Johnson v. Langton*, 135 Cal. 624, 87 Am. St. 156, 67 Pac. 1050; *Weinhenmayer v. Bitner,* 88 Md. 325, 42 Atl. 245; *White v. Manter, supra; Kimball v. Dern,* 39 Utah, 181, Ann. Cas. 1913E, 166, 116 Pac. 28, 35 L. R. A., N. S., 134; *Venner v. Chicago City Ry. Co., supra; Cincinnati Volksblatt Co. v. Hoffmeister,* 62 Ohio St. 189, 78 Am. St. 707, 56 N. E. 1033, 48 L. R. A. 732.)

The last specification of error is also directed at the right of respondent as stockholder to make copies of the corporation records. It has been held repeatedly that the right to make copies of the records of a corporation follows as an incident to the right to examine and inspect the same, and the rule rests upon the broad grounds that the business of a corporation is not the business only of the officers of the corporation, but is the business of the stockholders. In other words, that the directors are trustees, and that the property right, together with the right to examine and inspect the same, is in the stockholders. (*Cincinnati Volksblatt Co. v. Hoffmeister, supra.*) Under the statutes above quoted, the right to make copies of records cannot be denied.

The trial court did not err in the matters complained of, and the peremptory writ of mandate was properly issued. The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.