(April 3, 1920.)

## BOISE CITY NATIONAL BANK, a Corporation, Respondent, v. INDEPENDENT SCHOOL DISTRICT No. 40 OF GOODING COUNTY, IDAHO, Appellant.

### [189 Pac. 47.]

School District—Limited Indebtedness—Mandamus.

1.  A common school district may incur indebtedness during any year in an amount which does not exceed its income and revenue for that year.

2.  When an independent school district is organized, embracing territory which theretofore had been organized as a common school district, the independent school district is subject to the statutory obligation to assume and discharge all debts, obligations and duties belonging to or devolving upon the former common school district.

3.  A judgment in the nature of a writ of mandate, entered in an action against persons not parties thereto, is without the jurisdiction of the court and is void.

4.  A complaint which does not allege a demand and refusal to perform the particular acts, the performance of which it is sought to compel by the writ, is insufficient to support a judgment in *mandamus.*

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. Wm. A. Babcock, Judge.

Action for debt.   Judgment for plaintiff.   *Modified.*

Paul S. Haddock, for Appellant.

"In addition to jurisdiction of the parties and the subject matter it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide or of the particular remedy or relief which it assumes to grant." (23 Cyc. 684, 1073; *Watkins Land Mortgage Co. v. Mullen,* 8 Kan. App. 705, 54 Pac. 921; *United States v. Walker,* 109 U. S. 258, 3 Sup. Ct. 277, 27 L. ed. 927, see, also, Rose's U. S. Notes; 12 Am. & Eng. Ency. of Law, 301.).

Under constitutional or statutory provisions similar to ours the obligations of each year must be paid out of the revenue for that year. (*San Francisco Gas Co. v. Brickwedel,* 62 Cal. 641; *Schwartz v. Wilson,* 75 Cal. 502, 17 Pac. 449; *McGowan v. Ford,* 107 Cal. 177, 40 Pac. 231; *Weaver v. San Francisco,* 111 Cal. 319, 43 Pac. 972; *Higgins v. San Diego,* 131 Cal. 294, 63 Pac. 470; *Tehama County v. Sisson,* 152 Cal. 167, 92 Pac. 64; *La Mar Water etc. Co. v. La Mar,* 128 Mo. 188, 26 S. W. 1025, 31 S. W. 756, 32 L. R. A. 157; *Purcell v. East Grant Forks,* 91 Minn. 486, 98 N. W. 351; *O'Neil Engineering Co. v. Incorporated Town of Ryan,* 32 Okl. 738, 124 Pac. 19; *Campbell v. State,* 23 Okl. 109, 99 Pac. 778.)

Before the court can issue an order directing a public board to make a tax levy, it is incumbent upon the plaintiff to allege and prove the existence of a legal duty. (*Clough v. Curtis,* 2 Ida. 523, 22 Pac. 8.)

The averments of the party applying for a writ of *mandamus* must embrace every fact to entitle him to relief and it must negative each hypothesis, inconsistent with his right to judgment. (*Board of Commissioners v. People,* 16 Colo. App. 215, 64 Pac. 675.)

W. G. Bissell, for Respondent.

The debt sued upon is valid. (*Butler v. City of Lewiston,* 11 Ida. 393, 83 Pac. 234.)

"The plain intention of our law is that, when parties are once in court, all conflicting claims shall be settled between them, arising out of the subject matter involved in the issues." (*Burke Land & Live Stock Co. v. Wells, Fargo & Co.,* 7 Ida. 42, 60 Pac. 87, 90.)

RICE, J.—During the school year 1910–1911 Common School District No. 40 of Lincoln County issued certain orders for warrants for the payment of the services of teachers, janitors and school wagon drivers, which amounted to the sum of $2,773.58. These orders, by assignment, became the property of respondent. Thereafter, the district became

Common School District No. 40 of Gooding County. (1913 Sess. Laws, chap. 4, p. 13, sec. 16.) On April 17, 1913, Independent School District No. 40 of Gooding County was organized, embracing the territory theretofore included in Common School District No. 40 of Gooding County. It is admitted that the total income of Common School District No. 40 of Lincoln County for the school year of 1910–1911 was $5,869.12, and that the valid orders for warrants drawn amounted to $5,647.84. During the year, however, warrants for the previous year, amounting to $2,605.88, were paid from this income. The plaintiff had judgment, from which this appeal is perfected.

Art. 8, sec. 3, of the constitution declares that any indebtedness or liability of a school district, exceeding in any year the income and revenue provided for it for such year, shall be void unless authorized by a two-thirds vote of the electors thereof, provided that the section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state.

R. C., sec. 609, in effect at the time of the creation of the indebtedness, provides:

"The trustees of any school district may issue orders for warrants for the payment of teachers for their services in teaching, and for other necessary expenses connected with the school, whether or not there is any money in the treasury to the credit of the district issuing such orders for warrants; Provided, that the total amount of such orders for warrants shall not exceed the income and revenue for such district for such year; Provided, further, that the total amount of such orders for warrants shall not exceed ninety-five per cent of the income and revenue for such district for such year, until such income and revenue has been paid into the treasury to the credit of the district issuing such orders for warrants."

The fact that certain warrants, issued in the preceding year, were paid out of the revenue collected for the year 1910–1911 cannot affect the validity of the indebtedness. We are not concerned with the question as to whether or not those warrants were properly paid.

From the stipulation of facts it appears that the indebtedness did not exceed the income for the year 1910–1911, nor did the orders for warrants exceed ninety-five per cent of the income and revenue provided for the district for that year. The indebtedness was valid, and the orders for warrants were legally issued.

Upon the organization of Independent School District No. 40 of Gooding County, it became bound by the statutory obligation to assume and discharge all debts, obligations and duties belonging to or devolving upon the old district or districts. (C. S., sec. 840.)

The complaint, though perhaps vague as to theory, states sufficient facts upon which to predicate the judgment in this case.

The judgment, among other things, contains the following:

"That the Board of Trustees of Independent School District No. 40, Gooding County, Idaho, be and hereby are ordered to pay to the said plaintiff, by issuing to it warrants therefor, the sum of $2,773.58, together with interest thereon at the rate of 6% per annum, amounting to the sum of $3,647.24.

"That the said district and the said members of the Board of Trustees of said district be and hereby are required to levy a tax, sufficient to discharge and pay the amount of said warrants as aforesaid."

That portion of the judgment quoted above cannot be sustained. In so far as it is directed against the members of the board of trustees the same was rendered without jurisdiction of the parties and was therefore void. Furthermore, the complaint lacks several essential averments in such actions. Among others, the necessary allegations of a demand and refusal to do the things ordered to be done, which is a prerequisite to a writ of mandate, are not stated in the complaint. (*Pfirman v. Success Mining Co.*, 30 Ida. 468, 166 Pac. 216.)

The judgment against appellant for the sum therein specified, with costs, is affirmed. The remaining portion of the

judgment is reversed, and the cause remanded, with instructions to the trial court to modify its judgment as herein indicated. No costs awarded on this appeal.

Morgan, C. J., and Budge, J., concur.