## CHARLES HEGEWALD COMPANY *v.* STATE, EX REL. HEGEWALD, ADMINISTRATRIX.

[No. 24,034.   Filed October 27, 1925.]

1. CORPORATIONS.—*Right of stockholder to examine books of corporation determined by common law.*—The right of a stockholder to examine the books of his corporation, with the exception of the stock-book which the statute requires to be kept (§4940 Burns 1926, §4054 Burns 1914, §3010 R. S. 1881), must be determined by the rules of the common law.   p. 605.

2. CORPORATIONS.—*Right of stockholder to examine books of corporation not absolute but qualified by condition that his purpose is germane to his interest as stockholder.*—The common-law right of a stockholder to examine the books and accounts of his corporation is not absolute but is qualified by the condition that his purpose in making the examination is germane to his interest as such stockholder.   p. 605.

3. CORPORATIONS.—*Privilege of examining corporate books must be sought in good faith for protection of corporation's and stockholder's interests.*—Before a court will enforce the right of a stockholder to examine the books of his corporation, it must appear that the privilege is sought in good faith for the protection of the interests of the corporation and of his own interest as a stockholder.   p. 605.

4. CORPORATIONS.—*Mandate to inspect corporate books not granted unless stockholder's rights are likely to be seriously prejudiced without inspection.*—In order to obtain an order of mandate for the inspection of the corporate books by a stockholder, it must be made to appear that relator's rights as a stockholder are likely to be seriously prejudiced unless an inspection is had.   p. 605.

5. CORPORATIONS.—*Mandate to compel corporation to grant stockholder right to inspect books will not issue as matter of course, but he must show some specific interest at stake or some beneficial purpose for which examination is desired.*— Mandate to compel a corporation to grant a stockholder the right to inspect the corporate books will not issue as a matter of course, but, to obtain it, he must show some specific interest at stake or some beneficial purpose for which the examination is desired.   p. 605.

6. MANDAMUS.—*Mandate will be granted only on showing of clear legal right of relator to relief demanded and a clear legal duty of defendant to do and perform act demanded.*—Mandate will be granted only in case the facts show a clear legal right on the part of the relator to obtain the relief demanded and

MAY TERM, 1925.                    601

Chas. Hegewald Co. *v.* State, ex rel.—196 Ind. 600.

a clear legal duty resting on the defendant to do and perform the thing demanded.   p. 607.

7.   CORPORATIONS.—*Administratrix of deceased stockholder held not entitled to mandate to compel corporation to open its books so that she might ascertain value of stock for inheritance tax purposes.*—The administratrix of a deceased stockholder not entitled to mandate to compel the corporation to open its books so that she might determine value of stock for inheritance tax purposes where the duty to learn all pertinent facts and fix such value is imposed by law on a public officer, who would not be bound by any investigation administratrix might make or any conclusion she might reach.   p. 607.

8.   MANDAMUS.—*Verification of petition for mandate on information and belief sufficient.*—The verification of a petition for mandate on information and belief is sufficient to give the court jurisdiction of the proceeding.   p. 608.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by the State of Indiana on the relation of Mena C. Hegewald, administratrix, against the Charles Hegewald Company.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Charles L. Jewett* and *Walter V. Bulleit,* for appellant.

*Burwell K. Marshall* and *Stotsenburg & Weathers,* for appellee.

EWBANK, J.—This was an action of mandamus by the administratrix of the estate of a deceased stockholder in a manufacturing corporation, asking that the corporation be compelled to submit its books of account and books showing its assets and liabilities and its financial condition to examination by a competent accountant, to be employed and paid by the relatrix.   After having overruled a motion to set aside the service and quash the summons, and having overruled a demurrer to each paragraph of the complaint, the trial court made a special finding of facts on which it stated a conclusion of law to the effect that the relatrix was entitled to have such an examination made at the office of the defend-

ant between the hours of 9 a. m. and 4 p. m. standard time, beginning on a date named, in that same month. And after having overruled appellant's motion for a new trial for the alleged reason that the finding was not sustained by sufficient evidence and was contrary to law, the court rendered a judgment pursuant to its finding and conclusions of law. Appellant reserved an exception to each of these rulings, and has assigned each ruling as error. The sole question for consideration and decision is whether or not the relatrix was entitled to the relief asked and granted, in the absence of allegation or proof that the affairs of the corporation had been or were being mismanaged, or that her decedent or his estate had been or was being denied full participation in its earnings, or that she or her decedent had ever been refused any information for which they asked as to the amount and character of the assets, earnings or expenses of the corporation, needed for the protection of her rights and interests as a stockholder; and where the only purpose for which an examination of the books was sought was to ascertain the exact value on which the administratrix must pay inheritance taxes in the State of Kentucky.

No evidence was introduced by the defendant, and of the facts alleged in the complaint, the evidence established the following without conflict, which were also recited in the special finding, and no others were alleged, proved or found: That in the year 1890, the defendant was incorporated as a manufacturing company, to operate a foundry business at New Albany, Indiana, for the term of twenty-five years (such term of existence having been afterward extended for another twenty-five years) with a capital of $30,000, divided into 300 shares of the par value of $100 each; that relatrix was the widow of John C. F. Hegewald who died while residing at Louisville, Kentucky, and that

she was the duly qualified and acting administratrix of his estate, under appointment by the county court of Jefferson county, Kentucky, which had jurisdiction in the matter; that her decedent owned and, as such administratrix, she held one-fourth of the capital stock of said defendant corporation, being seventy-five shares of the par value of $7,500; that said decedent had died December 11, 1919, and left at his death other assets exceeding $46,000 in value, besides said capital stock, and left a will by which he bequeathed all of his property, in equal shares, to his widow (the relatrix) and two daughters; that he left no debts, but that the inheritance tax on his estate had not been paid, and the estate had not been closed; that the defendant company was operating and for many years had been operating a foundry at New Albany; that a brother of said decedent, who was one of the directors of defendant company when it was organized, was and for the past four years had been the president, and another brother the secretary of the company, and they kept, managed and controlled its business and its books of account; that after the death of her decedent, relatrix filed in the Kentucky court an inventory of his property, on which values were placed by appraisers appointed by that court, appraising at its face value of $7,500 the stock in question; that under the law of Kentucky, pending settlement of an estate, the title to all the personal assets is in the administrator, and, as such administratrix, the relatrix owned and held possession of said seventy-five shares of stock; that under said law she is required to pay an inheritance tax thereon, based upon the value of the total assets of the estate; that the estate cannot lawfully be settled until such value shall be ascertained and the inheritance tax paid; that under the law of Kentucky, the inheritance tax appraiser must ascertain, determine and fix the value of the property,

either by examining the administratrix, when she has ascertained and knows the value and he is satisfied therewith, or by swearing witnesses and making an investigation himself; that relatrix did not personally ask nor demand of the company or its officers any information whatever; that she employed an attorney and authorized him to act for her in making a demand upon the defendant company for an inspection of its books; that she told her said attorney to ask for the privilege of going through the books to see what the stock was worth, what the business was worth, so that she could arrive at its real value for the purpose of inheritance taxation, and told them to make a demand; that her purpose in wanting an inspection of the books was solely for the purpose of administering upon and finally settling said estate—for the inheritance tax; that she received no statement of the assets, earnings or condition of the company, and found among her deceased husband's papers only a statement four or five years old; that after receiving said direction, her attorney wrote to the defendant company asking for a statement, and then asked the president of the company for a statement and was told by him that relatrix was a bookkeeper and might come over and look at the books; that in fact she was not a practical bookkeeper and the attorney so stated, when the president said that he would refuse to allow any other examination of the books than one to be made by her in person; that the attorney then, on behalf of relatrix, at the company's office, during business hours, demanded of the defendant company, by its president, the right to examine the books and affairs of said company, so as to ascertain the value of said stock, and told the president that an examination was necessary in order to ascertain the value of the stock for the reasons stated, but he declined to allow anybody other than relatrix to go

through the company's books, or to allow an examination by anybody else of the books or affairs of the company; that he never refused to let relatrix, personally, examine the books, but did refuse to let her have them examined by an expert accountant; that her attorney told relatrix she was at liberty to go to the office and look at the books, but she declined to go, because she was not an expert, and wanted some one competent to understand the books, which she was not.

A statute, which has been in force since 1852, provides that "A book shall be kept by the corporation, at their office or principal place of business, containing the names of stockholders thereof * * * which book shall, at all business hours of the company, be subject to the inspection of creditors, stockholders, or their representatives," etc. §4940 Burns 1926, §4054 Burns 1914, §3010 R. S. 1881, 1 R. S. 1852, §10, p. 241. But relatrix did not demand, sue for nor desire an inspection of the stockbook nor any information contained in it, nor does it appear that she or her attorney was ever refused the privilege of inspecting it. And since there is no other statute in Indiana relating to the inspection or examination of books of a corporation by its stockholders and their representatives, the rights of the parties to this action must be determined by the rules of the common law. §244 Burns 1926, §236 Burns 1914, §236 R. S. 1881, 2 R. S. 1852, §1, p. 351; *McCoy* v. *Payne* (1879), 68 Ind. 327; *Atkinson* v. *Disher* (1912), 177 Ind. 665, 673, 98 N. E. 807.

The common-law right of a stockholder to examine the books and accounts of his corporation is a qualified and not an absolute right. It is qualified by the condition, among others, that the purpose of the stockholder desiring to make the examination must be germane to his interest as such stockholder. *State, ex rel.,* v. *Middlesex Banking Co.* (1913), 87

Conn. 483, 485, 88 Atl. 861; *O'Hara* v. *National Biscuit Co.* (1902), 69 N. J. Law (40 Vroom) 198, 200, 54 Atl. 241; *Feick* v. *Hill Bread Co.* (1917), 91 N. J. Law 486, 488, 103 Atl. 813; *Schondelmeyer* v. *Columbia Fire Proofing Co.* (1907), 219 Pa. 610, 613, 69 Atl. 49; *Winter* v. *Southern Securities Co.* (1923), 155 Ga. 590, 118 S. E. 214; *Wilson* v. *Mackinaw State Bank* (1920), 217 Ill. App. 494, 500. And before a court administering the common law will act, to compel the granting to a stockholder of such an examination, it must appear that the privilege is sought in good faith for the protection of the interests of the corporation and of his own interest as a stockholder. *Heminway* v. *Heminway* (1890), 58 Conn. 443, 19 Atl. 766; *State, ex rel.,* v. *Middlesex Banking Co., supra; Pfirman* v. *Success Mining Co.* (1917), 30 Idaho 468, 472, 166 Pac. 216; *Venner* v. *Chicago City R. Co.* (1910), 246 Ill. 170, 173, 92 N. E. 643, 138 Am. St. 229, 20 Ann. Cas. 607; *White* v. *Manter* (1912), 109 Me. 408, 409, 84 Atl. 890, 42 L. R. A. (N. S.) 332; *Withington* v. *Bradley* (1914), 111 Me. 384, 386, 89 Atl. 201; *State* v. *Doe Run Lead Co.* (1915), 178 S. W. (Mo. App.) 298; *Commonwealth* v. *Phoenix Iron Co.* (1884), 105 Pa. St. 111, 116, 51 Am. Rep. 184; *Kimball* v. *Dern* (1911), 39 Utah 181, 196, 116 Pac. 28, 35 L. R. A. (N. S.) 134, Ann. Cas. 1913E 166; *State, ex rel.,* v. *Pacific Brewing, etc., Co.* (1899), 21 Wash. 451, 460, 58 Pac. 584, 47 L. R. A. 208. To obtain relief by mandamus it must be made to appear that his rights as a stockholder are likely to be seriously prejudiced and affected unless an inspection is had. *Shea* v. *Parker* (1919), 234 Mass. 592, 594, 126 N. E. 47; *State, ex rel.,* v. *Middlesex Banking Co., supra.* The writ of mandamus will not issue as a matter of course, but, to obtain it, the petitioner must show some specific interest at stake or some beneficial purpose for which the examination is desired. *Stone* v. *Kellogg*

(1896), 165 Ill. 192, 204, 46 N. E. 222, 56 Am. St. 240; *People* v. *Walker* (1861), 9 Mich. 328, 330; *Hatch* v. *City Bank of New Orleans* (1842), 1 Rob. (La.) 470, 492; *Lyon* v. *American Screw Co.* (1889), 16 R. I. 472, 17 Atl. 61. "And unless there is some particular matter in dispute between the members of the corporation, or between the corporation and its individual members, or some specific purpose for which the inspection is necessary, mandamus will not lie, since the courts will not permit the use of the writ upon merely speculative grounds or to gratify a spirit of curiosity." High, Extraordinary Remedies (3d ed.) §310.

A writ of mandamus will issue only in case the facts show a clear legal right on the part of the relator to obtain the relief demanded, and a clear legal duty resting on the defendants to do and perform the thing demanded. *State, ex rel.,* v. *Foland, Auditor* (1921), 191 Ind. 342, 349, 132 N. E. 674; *State, ex rel.,* v. *City of Indianapolis* (1919), 188 Ind. 685, 691, 123 N. E. 405; *State, ex rel.,* v. *Graham* (1915), 183 Ind. 53, 55, 108 N. E. 511.

In this case, where the relatrix is not charged with any legal duty to ascertain the value of her stock for inheritance tax purposes, but the duty to learn all pertinent facts and fix such value is imposed by law upon a public officer, who has full power to investigate and examine witnesses, and would not be bound by any investigation which the relatrix might make or any conclusion she might reach, the mere fact that she desires to know such value in order that she may pay the inheritance tax does not charge the corporation with a clear legal duty to submit its books to accountants employed on her behalf. Neither does her desire to inform herself so that she may report to the court by which she was appointed her conclusion as to the value of the stock for inheritance tax purposes

give her a clear legal right, under the rules above laid down, to demand that the books be submitted to examination by an accountant. Neither the facts alleged, the facts proved nor the facts found were sufficient to entitle relatrix to the relief asked.

No error was committed in overruling the motion to set aside the summons. The verification of the petition on information and belief was sufficient to give the court jurisdiction. *Champ* v. *Kendrick, Trustee* (1892), 130 Ind. 549, 552, 30 N. E. 787; *Deering Harvester Co.* v. *Peugh* (1897), 17 Ind. App. 400, 402, 45 N. E. 808.

The judgment is reversed, with directions to sustain the demurrer to the complaint.