[No. 21203. Department Two. September 14, 1928.]

THE STATE OF WASHINGTON, on the Relation of H. E. T. HERMAN, Respondent, v. CHARLES H. GOODSELL et al., Appellants.[1]

*John L. Dirks* and *Barker & Barker*, for appellants.
*Ed. B. Powell,* for respondent.

[1] Reported in 270 Pac. 297.

ASKREN, J.—Plaintiff brought this action in mandamus to compel the defendants, as officers of the Montana-Idaho Mines Corporation, to permit him, as stockholder, an inspection of the books of the corporation, and to make copy of such portions as he might desire. From a decree in favor of the plaintiff this appeal is prosecuted.

It is first urged that the court erred in issuing the writ because the corporation in question is organized under the laws of Idaho, and does not transact any business in this state. It is said, therefore, that for courts of Washington to compel them to permit an inspection of the books of a foreign corporation at the instance of a stockholder in this state is to violate the rule that a state will not interefere with the internal affairs and management of a foreign corporation. The rule, however, is not applicable to the situation here before us. The corporation whose books are sought to be inspected has an office and place of business in Spokane, Washington, where its books and records are kept under the control of appellants Goodsell and Laing, who are its vice-president and manager, and secretary, respectively.

Whatever may have been the earlier holdings in some jurisdictions upon this question, it is now the generally accepted rule that, where the corporation has its office and books within a state, the mere fact that it does not transact business in that state and is actually a foreign corporation will not prevent the courts of the state, where the books and records are kept, from enforcing the rights of a stockholder to an inspection of the same. The ground upon which such holdings are based is that such a procedure does not interfere with its internal affairs as to its power, finances, or management, nor does it change the relationship of any of those connected therewith. *State*

*ex rel. Gilbert, Eliott & Co. v. Lake Torpedo Boat Co.,*
90 Conn. 638, 98 Atl. 580. See, also 14-A Corpus Juris,
1332, and cases there cited.

■ The next error urged is that the court struck
an affirmative defense to the petition. Generally speak-
ing, this affirmative defense alleged that the petitioner
had exhibited a hostile attitude towards the corpora-
tion and its officers; that he had just received transfer
of the stock in question, and they believed he was act-
ing for undisclosed principals, not stockholders, for
the purpose of obtaining information from its books
for ulterior motives, and using the same to the detri-
ment of the corporation.

The question of ownership of the stock apparently
is out of the case, as there was no evidence offered
against respondent's ownership. The sole question
left for us to decide is whether the right of a stock-
holder to inspect the books of a corporation is an ab-
solute one, or whether it may be defeated by a showing
of the purposes for which the inspection is desired.
The Compiled Statutes of Idaho (1919) provide as fol-
lows:

"Sec. 4758. RECORDS REQUIRED TO BE KEPT. All cor-
porations for profit are required to keep a record of all
their business transactions; a journal of all meetings
of their directors, members or stockholders, with the
time and place of holding the same, whether regular
or special, and if special, their object, how authorized,
and the notice thereof given. The record must em-
brace every act done or ordered to be done; who were
present, and who absent, and, if requested by any di-
rector, member or stockholder, the time must be noted
when he entered the meeting or obtained leave of ab-
sence therefrom. On a similar request, the ayes and
noes must be taken on any proposition, and a record
thereof made. On similar request, the protest of any
director, member or stockholder, to any action or pro-
posed action, must be entered in full—all such records

to be open to the inspection of any director, member, stockholder or creditor of the corporation.

"Sec. 4759. SAME: STOCK AND TRANSFER BOOKS. In addition to the records required to be kept by the preceding section, corporations for profit must keep a book, to be known as the stock and transfer book, in which must be kept a record of all stock; the names of the stockholders or members, alphabetically arranged; instalments paid or unpaid; assessments levied and paid or unpaid; a statement of every alienation, sale or transfer of stock made, the date thereof, and by and to whom; and all such other records as the by-laws prescribe. Corporations for religious and benevolent purposes must provide in their by-laws for such records to be kept as may be necessary. Such stock and transfer book must be kept open to the inspection of any stockholder, member or creditor."

"Sec. 8506. REFUSAL TO PERMIT INSPECTION. Every officer or agent of any corporation having or keeping an office within this state who has in his custody or control any book, paper or document of such corporation and who refuses to give to a stockholder or member of such corporation, lawfully demanding, during office hours, to inspect or take a copy of the same, or any part thereof, a reasonable opportunity so to do, is guilty of a misdemeanor."

It will be seen that the laws of Idaho are mandatory upon the right of a stockholder to inspect and copy its records. This law has been construed by the Idaho supreme court in the case of *Pfirman v. Success Mining Co.*, 30 Idaho 468, 166 Pac. 216, where that court held the right of inspection to be absolute and the right to make copies an incident thereof and corollary to such right.

Our own decisions sustain the same view. In *State ex rel. Gwinn v. Bucklin*, 83 Wash. 23, 145 Pac. 58, L. R. A. (1915D) 285, we held the right of a stockholder to examine the books of a corporation to be an absolute one, where there was no statute covering the

right of inspection, but the by-laws gave such a right in the following words:

"Every stockholder shall have the right to inspect the books and records of the company at any time during regular business hours of said corporation."

The holding in that case is that the relators' motives and purposes in making such examination are immaterial.

Some reliance is placed by appellants on our decision in *State ex rel. Beaty v. Guaranty Mfg. Co.*, 103 Wash. 151, 174 Pac. 459, where we held that a plaintiff stockholder was not entitled to certain information he desired because our statute did not give him the specific right asked, and since the evidence established an ulterior motive, his rights were governed in that regard by the common law. Our decision in *Gwinn v. Bucklin, supra,* makes clear the distinction between the rights of a stockholder at common law and those governed by statute or by-law.

In this case, the rights are governed by the Idaho statute, and as construed in the decisions of that court are absolute.

Lastly, it is urged that the court should have exercised its discretion in determining whether a writ of mandamus should issue. In support thereof are cited holdings of other jurisdictions to the effect that the writ of mandamus is a discretionary writ. But in determining the remedy of one who applies to the courts of this state, we are governed by our own laws as to procedure. With us, the writ of mandamus is not a discretionary writ, but a form of civil procedure under the Code, with the right of any litigant to invoke its use the same as he would institute any civil action for relief. *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207; *State ex rel. Taro v. Everett,* 101 Wash. 561, 172 Pac. 752, L. R. A. 1918E 411; *State ex*

*rel. Mason v. Board of County Commissioners,* 146
Wash. 449, 263 Pac. 735.

The judgment is affirmed.

FULLERTON, C. J., BEALS, HOLCOMB, and MAIN, JJ.,
concur.