BENSLEY v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

**Appeal: JURISDICTION: CERTIFICATE: QUESTIONS OF LAW ONLY.** Section 3173 of the Code, giving this court jurisdiction of appeals involving less than one hundred dollars, only when questions of law are certified by the trial judge, contemplates that each question certified shall present a question of law, in intelligible language, distinct from other questions of law or fact; and the certification of questions of fact, or of questions involving questions of fact, does not give jurisdiction. So, in this case, where seven questions were certified, and the first two related to the weight of the evidence, and the third and fourth to the correctness of instructions given and refused, and the fifth to the sufficiency of the evidence to sustain the verdict, and the sixth and seventh to the question whether the verdict was in accord with the law and the instructions, *held* that they all involved a consideration of the evidence, *i. e.*, questions of fact, and that the certificate did not confer jurisdiction. (See opinion for citations.)

*Appeal from Crawford District Court.*—HON. J. P. CONNER, Judge.

FILED, FEBRUARY 1, 1890.

ACTION to recover eighty dollars and interest, the value of seven hogs, shipped upon defendant's road, which died for want of proper care by defendant. There was a verdict and judgment for plaintiff. Defendant appeals.

*Hubbard & Dawley* and *T. J. Garrison*, for appellant.

*D. L. Boynton*, for appellee.

BECK, J.—I. The amount in controversy being less than one hundred dollars, the case is brought here upon a certificate intended to be in compliance with Code, section 3173. In order to point out defects in the certificate, it becomes necessary to present it in full. It is

in the following language: "I, J. P. CONNER, the trial judge of said court, before whom the above cause was tried, hereby certify that said cause involves the determination of the following questions of law, upon which it is desirable to have the opinion of the supreme court, viz.: (1) The evidence showed that plaintiff shipped a carload of hogs from Vail to Chicago on defendant's railway, and that when said car reached its destination a tramp was found asleep in one end of the car, and the hogs were crowded away from said end for a space of six or seven feet. There was no evidence tending to show how long the tramp had been in the car. There was no evidence that any of defendant's employes knew the tramp was on the train until after the car reached its destination; and there was evidence tending to show that the men in charge of the train did not know the tramp was on the train until after the car reached its destination. The car doors were sealed with thin strips of tin, which would not prevent any one from opening the door, if he wanted to. The small door in the upper part of the east end of the car was found open at the time the tramp was discovered, and was open when the train left Clinton. At the time the car reached its destination, seven of the hogs were found dead. The conductor and brakeman testified, and without contradiction, that they kept their usual lookout for tramps; that that was their duty; that they passed along this car about an hour before it reached its destination; and did not notice any tramp then, or anything wrong; and that they thought they would have noticed it, if he had been there. It was shown without conflict that it is not usual to lock the doors of stock-cars, except with said strips of tin, which are easily broken. It was also shown without dispute that not a train of hogs goes into Chicago without more or less dead ones, caused by the hogs crowding each other from natural causes, and without any one having been in the car to crowd them up. There was no evidence, other than above stated, tending to show that the tramp was in the car by reason of negligence of defendant's employes, or that the hogs died

by reason of the tramp being there. The plaintiff alleged that the hogs were killed by reason of the negligence of defendant in permitting said tramp to ride in said car; and the court ruled that the burden of proof was on the plaintiff to establish that the hogs died by reason of negligence, as alleged. Did the court err in holding, by its rulings on defendant's motions to instruct the jury, that there was any evidence to submit to the jury that the tramp was in the car through negligence of defendant? (2) Did the court err in holding that there was any evidence to submit to the jury that the damage was caused by the tramp being in the car? (3) Did the court err in refusing to instruct the jury that the defendant was not bound to explain how or why the tramp got into the car, or why the hogs died, in order to avoid liability? (4) Did the court err in refusing the following instruction asked by defendant. '*Eighth*. If you are unable to find from the evidence whether said hogs died by reason of their own restlessness, and crowding one another, or by reason of being crowded by said tramp, then your verdict should be for the defendant?' (5) Did the court err in refusing to set aside the verdict on the ground that it was not supported by sufficient evidence? (6) Did the court err in refusing to set aside the verdict on the ground that it was contrary to law? (7) Did the court err in refusing to set aside the verdict on the ground that it was contrary to the instructions given numbered 6, 7 and 10 ?"

II. It is obvious that the first, second, fifth, sixth and seventh questions do not present questions of law, for our determination, but rather present questions as to the weight and effect of evidence. The reading of these questions is all that is necessary to establish this position. See *Hudson v. Railway Co.*, 59 Iowa, 581. A little thought will disclose the fact that questions six and seven call for the consideration and weighing of evidence. The seventh question is not sufficient, for another reason: It states no question of law, but refers

to three instructions, and presents three questions in one. All these questions require the consideration of evidence, in order to determine whether the facts proved accord with the rules of the instructions. They are therefore questions of fact. It is scarcely necessary to remark that the statute requires questions of law, not questions of fact, to be certified in cases of this character.

III. The third and fourth questions also involve matters of fact. To point out the defect in these questions, they must be considered in a view different from that applicable to · the other questions. It will be remembered that in order to determine whether an instruction was rightly refused the evidence must be considered, to ascertain whether the instruction is applicable thereto. It must be determined what facts the evidence tends to prove. Other matters, as the pleadings and the issues, must be considered. These questions involve facts as well as law; and each one may present more than one question, either of law or fact,—possibly, a score of such questions. The statute contemplates that each question certified shall present a question of law, in intelligible language, distinct from other questions of law and fact. In this regard, all of the questions certified fail. As the case is not lawfully certified here, we have no jurisdiction thereof. *Kierulff v. Adams*, 40 Iowa, 31; *Beeler v. Garrett*, 76 Iowa, 231. The appeal will be DISMISSED.