HAWKEYE INSURANCE COMPANY, Appellee, v. JOHN ERLANDSON, Appellant.

**Appeal:** QUESTIONS CERTIFIED TO SUPREME COURT: FORM. Where upon appeal, in cases involving less than the sum of one hundred dollars, the question certified to the supreme court for its determination is a general one, involving the determination of other distinct questions of law not stated, the supreme court will not acquire jurisdiction, and the appeal will be dismissed, though the question of jurisdiction was not raised by counsel.

*Appeal From Polk District Court.*—HON. CHARLES A.
BISHOP, Judge.

FRIDAY, DECEMBER 18, 1891.

ACTION originally brought before a justice of the
peace upon two promissory notes.     There was an appeal
to the district court, and a judgment therein on a
verdict for the plaintiff rendered under direction of the
court.     The defendant appeals.—*Dismissed.*

*Olvin Bros. & Tillson* and *J. J. & H. E. Long,* for
appellant.

*George R. Sanderson,* for appellee.

BECK, C. J.—I. In defense to the action the
defendant pleaded that the promissory notes were given
for the premiums upon a policy of insurance issued by
the plaintiff to the defendant, which contains condi-
tions that it should be "null and void" if the interest
of the assured in the property covered by the policy
was not absolute and unqualified, unless otherwise
specified in the policy; that it is based upon the appli-
cation for the insurance, which is to be taken as a part
of the policy, and as a warranty of the assured, and
that any false or untrue statements therein render the
policy "null and void;" and that the policy contained
a statement that the assured was the absolute and
undisputed owner of the land and the property insured.
The defendant alleges that he was not the absolute and
unqualified owner, but that his brother owned an undi-
vided one half of the property, and that, as the notes
sued upon were based upon the policy, which, under
its conditions, is "null and void," the notes in suit are
without consideration, and recovery therefore cannot
be had on them.     After the introduction of evidence
by the parties and the submission of the case, the court

directed the jury to return a verdict for the plaintiff, which was done, and a judgment rendered thereon. The amount in controversy being less than one hundred dollars, the case was brought by appeal to this court, as required by statute, upon the following certificate of the judge of the court below:

"I, Chas. A. Bishop, judge of the district court of Polk county, Iowa, and before whom the above cause, with a jury, was tried, do hereby certify that said cause involves the determination of questions of law upon which it is desirable to have the opinion of the supreme court, which questions of law are as follows, to wit: *First.* Where the defendant makes an application in writing for insurance, and executes his promissory notes for the premium, and in the application he states that he is the absolute owner of the property to be insured, and that the same is free from incumbrance, suit is brought upon the notes, and the evidence shows that defendant was not at the time he made such application and executed said notes the absolute and unqualified owner of the whole of the premises sought to be insured, but that his interest was that only of an undivided half interest therein, the other part owner in said premises being in no manner concerned in the making of such application, and did not sign the same, nor did he execute either of the notes. The evidence also shows that there were incumbrances on said property, which incumbrances were not referred to or stated in the application. It does appear in evidence that at the time the defendant made the application and signed the notes in question he informed the agent of the plaintiff company, who solicited and took the application and notes, of the condition of the title of the property insured, and it appears that the defendant did not intend to perpetrate any actual fraud upon the plaintiff company in making said application. Immediately after the making of such application, and based solely thereon, a policy of insurance was issued by the

company and delivered to the defendant which contains the following clause: 'The basis of this contract is the said application and obligation [the premium notes executed by the defendant], which shall be deemed and taken as a part of this policy, and as a warranty on the part of the assured; and any false or untrue answers or statements therein or thereon shall render this policy null and void. This contract of insurance is embraced wholly in such application and obligation of the assured and this policy. If the interest of the property to be insured be a leasehold estate for years, for life, or other interest, but not absolute and unqualified, it must be so stated in this policy; otherwise the same shall be null and void.' Under the above facts was said policy of insurance void *ab initio? Second.* Under the facts set out in the first above question, are said notes invalid for want of consideration? *Third.* Did any risk attach to the property under the evidence and facts above set out upon the delivery of the policy of insurance to the defendant? *Fourth.* Can the plaintiff, the insurance company, and original payee of said notes, recover against the defendant thereon under the facts hereinbefore set out?"

It will be observed that each of the questions certified covers and involves several distinct questions of law which are not stated. The questions certified are indeed questions calling for answers in the nature of conclusions based upon the determination of several distinct questions of law. They cannot be answered without considering these questions and answering each severally. The first question is this: "Under the above facts was said policy of insurance void *ab initio?*" Before this question may be answered, distinct and separate questions must be solved, the following among others: Does the violation of the condition of the policy render it void or voidable? Does the knowledge of the plaintiff's agent as to condition of the title operate as a waiver by the plaintiff of

the forfeiture of the policy arising by violation of the condition? Can the defendant, having accepted the policy, set up his own act of violation of its condition, and thus defeat it? Other questions are presented in the first question, which is really a question intended to elicit a conclusion of law upon the consideration of several other questions. It in fact involves all questions in issue arising upon the plaintiff's claim to recover on the note. It will be observed that each of the other questions certified by the district judge is of the precise character of the first, and presents the identical questions involved in it. The questions which ought to be certified here for decision are questions of law, involving one principle or rule. They must be direct and intelligible. It is the purpose of the statute to require such questions to be certified as the court below may esteem desirable for review by this court. These questions should be specifically stated and certified. This court cannot be called upon to determine all the law questions in the case by a general question which brings them all up for consideration. Of some the court below may have had no doubt. Questions of doubt should alone be specifically and separately stated, and not all possible questions huddled together in one general question, covering them as well as questions of which there was no doubt. The questions certified by the district court cannot be considered in this case. *Dawley v. Houck*, 53 Iowa, 733; *Fitch v. Flynn*, 58 Iowa, 159; *Bensley v. Railway Co.*, 79 Iowa, 266.

II. The ground upon which we dispose of the case was not presented in argument by counsel. But as it is jurisdictional in its nature, we are required to consider it on our own motion, though no objection is made to the appeal by the plaintiff. *White v. Beatty*, 64 Iowa, 331.

The appeal, presenting no questions which we can consider, is DISMISSED.