J. R. CHANDLER, Appellee, v. C. C. LOOMIS *et al.*, Appellants.

1. **Appeal:** CERTIFICATE FOR: SUFFICIENCY.  A certificate of a district judge for the appeal of a cause involving less than one hundred dollars, which states the questions upon which the opinion of the supreme court is desired with reasonable definiteness, is sufficient, if such questions are questions of law involved in the determination of the case.

2. **Chattel Mortgage:** SATISFACTION: EXPENSE OF KEEPING PROPERTY BY MORTGAGEE.  A mortgage upon a horse gave to the mortgagee the right to take the horse, and to keep it until the debt secured, with the expense of taking and keeping, should be paid.  The mortgage was placed in the hands of an officer, who took the horse and delivered it to the mortgagee, who kept it for some days at a livery stable, after which the owner's attorney paid to the officer the amount of the debt, and promised to pay the expense of keeping the horse.  The officer paid the money received to the mortgagee, but the latter refused to deliver the horse to the attorney, because the expense of keeping had not been paid.  *Held*, that, if the officer had, by virtue of his possession of the mortgage, the right to receive payment thereon, he could not bind the mortgagee by accepting a promise of payment; and that the acceptance by the mortgagee of the money paid the sheriff, was not a ratification of his conduct, since the payment and promise made to him were not conditioned upon the release of the mortgage.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, JANUARY 21, 1893.

ACTION to recover the possession of a horse.  There was a trial by jury, and a verdict and judgment for the plaintiff.  The defendants appeal.—*Reversed.*

*A. A. Haskins*, for appellants.

*Berryhill & Henry* and *J. D. Whisenand*, for appellee.

ROBINSON, C. J.—The petition alleges that the plaintiff is the absolute owner of the horse in controversy; that it is of the value of one hundred dollars; that possession thereof has been demanded; and that it is wrongfully detained by the defendants. Judgment for the horse or its value, is asked. The answer contains a general denial, and alleges that the plaintiff executed to Hewitt Bros. a chattel mortgage on the horse for fourteen dollars and seventy cents; that thereafter the defendant, the Union Mercantile Company, purchased the mortgage, took possession of the horse, and kept it, on expense, at a livery stable, for ten days; that the plaintiff pretended to pay the mortgage by paying the amount thereof to the defendant, Loomis; that the expense of keeping the horse has never been paid to the Union Mercantile Company; and that it now holds the horse under the mortgage. No other pleading was filed.

The certificate of the district judge, on which this case is submitted, in addition to the foregoing facts, shows that the Union Mercantile Company held a mortgage as claimed; that prior to the tenth day of February, 1890, it placed the mortgage in the hands of Loomis, sheriff of Polk county, with instructions for himself or his deputies to take possession of the horse, which was done, and the horse was placed in the possession of the Union Mercantile Company. That company had incurred an expense of about five dollars for keeping the horse, when the plaintiff, by his attorney, J. D. Whisenand, paid to the deputy sheriff, who had the mortgage in his possession, in money, the amount due on the note, with interest, and at the same time Whisenand said that he would be personally responsible to the

sheriff for the safe keeping of the horse to that date, and demanded possession of it. When the company learned that the money had been paid to the sheriff, it refused to release the horse, because the expense incurred in keeping it had not been paid in money, and refused to accept the obligation of Whisenand, although it accepted the money paid to the sheriff. The plaintiff was notified of these facts before this action was commenced. The mortgage provided that it should be a lien upon the horse for taking, keeping and caring for it, and for all the expenses thereby incurred. The questions certified are as follows:

"*First.* Under the above facts, was the Union Mercantile Company entitled to have the whole amount of the said mortgage, including the expense of keeping and caring for said horse, paid to it in cash, or could the deputy sheriff, under the above facts, bind the defendant Union Mercantile Company by accepting the obligation of said Whisenand without instructions so to do from said defendant, and, by accepting the face amount of said mortgage, paid in cash, did the Union Mercantile Company ratify the acts of said deputy sheriff, wherein he accepted the obligation of said Whisenand in lieu of cash?

"*Second.* Under the above facts, did the accepting by the said deputy sheriff of the obligation of said Whisenand release the lien of the mortgage for the expense of caring for and keeping said horse, which was due alone to the Union Mercantile Company?

"*Third.* If the facts stated amounted to a ratification, ought the same to be pleaded by the plaintiff before evidence is received of such fact?"

I. The appellee contends that the certificate is not sufficient, within the rule announced in *Hawkeye Ins. Co. v. Erlandson*, 84 Iowa, 193; but a comparison of the questions certified in that case with those certified in this shows that

**1. APPEAL:** certificate for: sufficiency.

there is a marked difference between them, and that the questions in this case are stated with reasonable definiteness, and appear to be questions of law involved in the determination of the case, in regard to which the opinion of this court is desired.

II. The answer to each question depends upon the facts set out.  The certificate so states in unmistakable

2. CHATTEL
mortgage:
satisfaction:
expense of
keeping prop-
erty by mort-
gagee.

terms; and we are not at liberty to indulge in presumptions of fact in order to sustain the judgment of the district court, as might be done in other cases. The mortgage gave to the Union Mercantile Company the right to hold the horse until the expense of taking and keeping it had been paid, and there is no suggestion that the charges in question do not fall within that provision.  The mortgage was given to the sheriff with instructions to take possession of the horse.  It does not appear that he was instructed to collect the amount due on the mortgage; but, if it is conceded that the possession of the instrument gave him authority to receive payment thereon, it is certain that he had none to receive in payment anything but money.  The expenses of keeping the horse had been incurred by the company, and the sheriff was not, so far as is shown, interested in them.  The promise of Whisenand to pay the debt of his client to the sheriff; who had no authority to accept the promise, created no obligations on the part of the company.  But it is said that the acceptance of the money paid to the sheriff was a ratification of his act.  That might have been true, under some circumstances, but it does not appear that the money was paid to the sheriff on condition that the mortgage should be satisfied by the payment so made, and the promise of Whisenand to pay the expenses.  The facts certified do not show that any condition was attached to the paying and receiving of the money.  On the contrary, the facts stated to be the

foundation of the questions do not show that the sheriff agreed to accept the promise for any purpose, although an acceptance might be inferred from the first and second questions considered apart from the statement of facts.

We conclude that all the questions certified, excepting the last one, must be answered in the negative; and the answers given make an answer to the last question immaterial. The judgment of the district court is REVERSED.