## LOWERY v. STATE LIFE INSURANCE COMPANY.

[No. 19,021.    Filed July 7, 1899.]

COURTS.—*Jurisdiction.*—A court of general jurisdiction must proceed in the manner and upon the conditions imposed by the law, and an assumption of jurisdiction over a subject or person, upon the terms denied by the law, is as unwarranted as the assumption of jurisdiction without its territorial limits. *p. 102.*

SAME. — *Jurisdiction. — Void Judgment.*—Where a court proceeds without jurisdiction its judgment is wholly void, and its non-existence may be declared upon a collateral attack, upon the suggestion of an *amicus curiæ*, or by the court at any time upon its own motion. *p. 102.*

SAME.—*Jurisdiction.*—In the absence of the power of the court to exercise jurisdiction, it cannot be conferred by agreement of the parties. *pp. 102, 103.*

INSURANCE.—*Enjoining the Issuance of Special Contracts.—Jurisdiction.*—Where an insurance company is organized and doing business under the act of February 10, 1899 (Acts 1899, p. 30), a court of general jurisdiction has no power, upon the application of a policyholder or member, to enjoin the issuance of special contracts of insurance; since the statute provides that a court shall have no power to interfere with the business of such company except upon the application of the Attorney-General. *pp. 103-105.*

From the Marion Superior Court. *Affirmed.*

*D. J. Hefron* and *P. J. Carlon,* for appellant.

*Charles F. Coffin,* for appellee.

HADLEY, J.—Appellant is prosecuting this action to secure a perpetual injunction against appellee's issuance of certain contracts, and the payment of money on those already issued.

Appellant alleges in his complaint that appellee is an insurance company, organized and doing business under an act

of the General Assembly approved February 10, 1899, on the mutual principle; that he is a policy-holder and member in appellee company, and that said company has issued and is continuing to issue, and will, if not restrained, continue to issue, certain contracts designated "Vice-Counselor's Contracts," which, for reasons specifically alleged, are charged to be in violation of its charter, and in derogation of the rights of the great body of its members. No demurrer was filed to the complaint.

Appellee answers the complaint in a single paragraph, in which it is averred that it has issued, and intends to continue the issuance of, said contracts, to the full limit of 1,000; and facts are set forth in detail by which appellee avers and seeks to show that the contracts complained of are contracts for services to be rendered the company, and in compliance with the law, and its charter and by-laws, and the most profitable and economical method of conducting the company's business the directors have been able to devise. Appellant's demurrer to the answer for insufficiency of facts was overruled. The Attorney-General has intervened and filed a brief. The Auditor of State has also filed a brief.

At the very threshold of the investigation we are met with the question, has the court jurisdiction of the subject-matter of this suit? A negative answer ends the inquiry. Appellant's complaint discloses that he is a policy-holder and member of appellee, and that appellee is organized and doing business under the act of February 10, 1899 (Acts 1899, p. 30), the seventeenth section of which act provides as follows: "No order, judgment or decree, providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any insurance corporation, association or society, organized or doing business under the provisions of this act, or appointing a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the Attorney-General on his own motion, or after his approval of a request in writing therefor by the

Auditor of State, except in an action by a judgment creditor or in proceedings supplementary to execution."

The question of jurisdiction was not raised in the court below, and it is insisted that it cannot be raised for the first time in this court, and must be deemed as waived by the appellee. This insistence must be accepted as true, if the court below had authority to exercise its jurisdiction over the subject-matter of the suit; otherwise, denied.

A court is a creature of the law, instituted for the determination of questions of law and fact under defined restrictions and limitations. The territorial limits of its power, the subjects and classes over which its power may be exercised, the terms upon which it may put its power into action, are as firmly and clearly established as the right to adjudicate when authorized to do so; and, though a court of general jurisdiction, it must proceed in the manner and upon the conditions imposed by the law, and an assumption of jurisdiction over a subject or a person, upon terms denied by the law, is as unwarranted and futile as the assumption of jurisdiction without its territorial limits. A departure from the limits and terms of jurisdiction is usurpation of power that imparts no validity whatever to its judgments and decrees. Works, §10, p. 28, and authorities cited. Hence, we have the generally accepted rule that, when a court proceeds without jurisdiction of the subject-matter, its judgment is wholly void; and, adopting as our own the words of the court in *Sheldon* v. *Newton*, 3 Ohio St., 494, on page 498, "It is equally unimportant how technically correct, and precisely certain, in point of form, its record may appear; its judgment is void to every intent, and for every purpose, and must be so declared by every court in which it is presented."

A void judgment implies no judgment at all, and its non-existence may be declared upon collateral attack, upon suggestion of an *amicus curiae*, or by the court at any time upon its own motion. The rule is stated in 12 Enc. of Pl. and Prac., p. 190, as follows: "When it appears that the court

Lowery *v.* State Life Ins. Co.

has no jurisdiction over the subject-matter of the suit, it will take notice of the defect, whether objection is made or not, and will dismiss or stay the proceedings *ex mero motu,* and it is its duty to do so without determining any other matter involved in the litigation." And the duty is not affected by the acquiescence or agreement of the parties to submit to the jurisdiction, since jurisdiction that cannot be acquired without consent cannot be bestowed with it. *McCoy* v. *Able,* 131 Ind. 417; *Huber* v. *Beck,* 6 Ind. App. 47; *Davis* v. *Davis,* 36 Ind. 160; *Doctor* v. *Hartman,* 74 Ind. 221; *Hawkeye Ins. Co.* v. *Erlandson,* 84 Iowa 193, 50 N. W. 881; *Chipman* v. *City of Waterbury,* 59 Conn. 496, 22 Atl. 289; *Phillips* v. *Welch,* 11 Nev. 158, 187; *Stough* v. *Chicago, etc., R. Co.,* 71 Iowa 641, 33 N. W. 149; *Evans* v. *Iles,* 7 Ohio St. 233-235; *Sanders* v. *Pierce,* 68 Vt. 468, 35 Atl. 377; *McKinnon* v. *Hall,* 10 Colo. App. 291, 50 Pac. 1052.

But the point is made that the question we have here does not relate to the subject-matter of the suit, but to the want of legal capacity in the plaintiff to bring the action. We think the question reaches further than the capacity of the plaintiff to sue. The mandate of the statute is "that no order, judgment or decree, enjoining or interfering with the business of an insurance company organized under the act, shall be made otherwise than upon the application of the Attorney-General." Here we have very explicit language that a court shall have no power to enjoin or interfere with the business of an insurance company except upon the condition stated, namely, the application of the Attorney-General. That the Assembly had the power to fix terms to such suits cannot be doubted, and that it has provided that no one but the Attorney-General, either upon his own motion or upon the approved request of the Auditor of State, shall be plaintiff in such suit, is beyond controversy. This being true, we have before us a plaintiff who has no right to file a complaint,—who has no right or power to put in action the jurisdiction of the court,—and, in the absence of such right or power, we

have, in contemplation of law, a case without a plaintiff or a complaint. This situation defines itself. The right of jurisdiction in a court over a subject-matter may exist, but its valid exercise depends wholly upon its being invoked by one who is entitled under the law to set it in motion. "The power to hear and determine a cause is jurisdiction; and it is *coram judice* whenever a cause is presented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal." *Sheldon* v. *Newton*, 3 Ohio St. 494, 499; *Damp* v. *Town of Dane*, 29 Wis. 419. A court has no power to do anything which is not authorized by law, and when its procedure is defined, its judicial functions are essentially controlled thereby. From this principle we have the doctrine as stated by Works on Courts and their Jurisdiction, at page 31, as follows: "Where a special statutory mode of acquiring jurisdiction is provided, that mode must be followed or the proceedings will be void." Freeman on Judgments, §119.

It seems to us that the question now under consideration should be ruled by the case of *Ryan* v. *Ray*, 105 Ind. 101. In that case, the plaintiffs, being depositors in a savings bank, brought suit against the officers and trustees to charge them personally for mismanagement. The statute under which the bank was organized provided that such suits should be brought by the Auditor of State. At page 105 it is said: "Under the statute already referred to, the circumstances under which the officers and trustees are to be held personally accountable, and the manner of enforcing their liability, are prescribed. The legislature having provided a complete remedy through an officer of the State, who has been given a general supervision over the affairs of savings banks, no reason is apparent why the rule should not apply, that the

remedy thus provided is exclusive of all others.   It was competent for the legislature, in providing for the organization of savings banks, to prescribe what remedies should be had against them, as well as against those who by law were to be entrusted with the management of their business.   *   *   * The principle which controls is that which has already been stated in substance, viz., that where a new right is created, and a specific mode of relief provided, the remedy is confined to the mode prescribed." In that case a demurrer was sustained to the complaint, but it is obvious from the concluding paragraph of the opinion that but a single proposition was considered, viz.: Can any person other than the Auditor of State, under any circumstances, maintain an action against officers and trustees of savings banks for a violation of their statutory duty? The concluding paragraph is as follows: "We need not determine whether the suit was well brought by the plaintiffs on behalf of themselves and others, nor is it important that we examine the particular facts complained of with a view of determining the sufficiency of the complaint." The views of this court thus expressed upon the act of 1881 were followed by the act of 1899, *supra,* and this latter expression of the legislature must be regarded as voicing a policy of the law.

To the same effect is the case of *Swan* v. *Mutual, etc., Assn.,* 155 N. Y. 9, 49 N. E. 258.   The statute of New York relating to insurance companies (Sess. Laws 1890, C. 400), in terms the same as our §17, *supra,* provides that no order, judgment, or decree enjoining, restraining, or interfering with the prosecution of the business of any life insurance company shall be made or granted otherwise than upon the application of the Attorney-General, on his own motion, or after his approval of a request in writing of the superintendent of insurance.

The Swan case was an action by a policy-holder in a mutual insurance company, for himself and others, to compel the company to set aside certain sums for a reserve fund,

to limit its expenditures for management, etc. The principal question considered related to the plaintiff's legal capacity to sue, but the court, by Gray, J., at page 16, says: "If it were necessary that we should, in the disposition of this appeal, answer the first question certified, as to the sufficiency of the complaint to constitute a cause of action, I should have considerable hesitation in advising an answer in the affirmative." At page 20 it is said: "That the act was framed to prevent such an intolerable nuisance as an insurance company would be subjected to, if one or more of its policy-holders might maintain such an action, is evident." At page 22 it is further said: "Touching, as it does, the affairs of insurance corporations, which the state has peculiarly taken within its care and supervision, its enactment was quite within the sound discretion of the legislature, in the emergency which confronted it of the possibility of suits, interfering with the management of the corporate affairs and which might produce hopeless confusion and might impair the efficiency of the company, if not wreck it. * * * The plaintiff is not maintaining a purely and essentially private action, with the results of which only himself and the corporation defendant are concerned; but he is maintaining one which concerns a large body of the public and the continued management of the affairs of a peculiar class of corporations which have been the especial objects of the care and watchfulness of the state. It is no hardship to him, and it impairs none of the force of the obligations of the company to him, that he should be compelled to follow the particular procedure declared by statute. * * * The plaintiff has not legal capacity to maintain this action and it must be brought, if at all, by the attorney-general of the state of New York, pursuant to the requirements of chapter 690 of the laws of 1892; which apply to this action and prohibit the plaintiff from maintaining it."

Likewise, we conclude that the Attorney-General of this State is the only person authorized by law to bring an action

to enjoin or interfere with the prosecution of the business of an insurance company organized or doing business under the act of 1899, *supra,* and that the complaint in this cause is insufficient, in the facts stated, to constitute a cause of action against appellee, inasmuch as it shows affirmatively that the superior court has no authority of law to assume jurisdiction of the subject-matter of this suit upon the complaint of this plaintiff. The complaint, therefore, should have been dismissed; but, as a right result was reached in a judgment against the plaintiff for costs, the judgment is affirmed.