288 N.E.2d 143 (1972)
STATE of Indiana ex rel. Great Fidelity Life Insurance Company et al., Relators,
v.
THE CIRCUIT COURT OF POSEY COUNTY, Steven C. Bach, As Judge of the Circuit Court of Posey County, Respondents.
No. 572S59.
Supreme Court of Indiana.
October 19, 1972.
Rehearing Denied December 14, 1972.
*144 R. Stanley Lawton, Donald F. Elliott, Jr., G. Daniel Kelley, Jr., Gary M. Macek, Ice, Miller, Danadio & Ryan, Indianapolis, James L. Lowery, Kendall, Stevenson & Howard, Danville, for relators.
Theodore L. Sendak, Atty. Gen., Edward W. Wilson, Robert F. Colker, Deputy Attys. Gen., for amicus curiae.
Philip S. Kappes, Christopher Kirages, Dutton, Kappes & Overman, Indianapolis, for respondents.
GIVAN, Justice.
Relators are a corporation organized under the insurance laws of Indiana, the officers and directors of that corporation and that corporation's parent corporation, which owns more than 50% of the outstanding common stock of Great Fidelity. On January 26, 1972, United States Standard Asset Growth Corp. and Edward Karsch, its president, who together then owned less than 1.2% of the shares of Great Fidelity, brought a stockholders derivative suit in the Vanderburgh Circuit Court, which was venued to the Posey Circuit Court, Cause No. 72-C-38. In their complaint they alleged a fraudulent conspiracy, gross negligence and mismanagement of the affairs of Great Fidelity. These same plaintiffs had previously brought a mandamus action against relators *145 seeking to examine the shareholders' lists of Great Fidelity and Southern Securities Corp., which action was also brought in the Vanderburgh Circuit Court, and venued to the Posey Circuit Court, Cause No. 72-C-37.
After the filing of the above actions, the plaintiffs petitioned the Department of Insurance of the State of Indiana to enter into the derivative action against the relators. The Department has not joined the plaintiffs in that action.
This original action was heard in this Court and a temporary writ of prohibition issued commanding the Posey Circuit Court and its Judge to refrain from proceeding further in both of the above suits.
Relators now ask this Court to make permanent the temporary writ and to mandate the respondents to grant relators' motion to dismiss the above suits and expunge from the records of such court all entries contrary to the rulings of this Court.
In the derivative suit filed in respondent court the plaintiffs are attempting to force the relators to rescind a contract, foreclose mortgages, make restitution to Great Fidelity for losses incurred by alleged mismanagement and fraudulent actions, produce records and prohibit Great Fidelity from holding its annual meeting of stockholders. There can be no doubt but what if plaintiffs prevail as to these allegations, they will interfere with the operation of the business of the insurance company contrary to statute. See IC 1971 XX-X-XX-XX, Burns' Ind. Stat. Ann., 1965 Repl., § 39-5023, which reads as follows:
"No order, judgment, or decree providing for an accounting or enjoining, restraining or interfering with the operation of the business of any insurance company, association, or society, to which any provision of this act is applicable, or for the appointment of a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the department, except in an action by a judgment creditor or in proceedings supplemental to execution. [Acts 1935, ch. 162, § 270a, p. 588.]"
In Lowery v. State Life Ins Co. (1899), 153 Ind. 100, 54 N.E. 442, this Court held that an individual's suit to interfere with contracts of an insurance company was contrary to a similar statute. The language used in the Lowery case is equally applicable to the case at bar. In Lowery the Court stated:
"`That the act was framed to prevent such an intolerable nuisance as an insurance company would be subjected to, if one or more of its policy holders might maintain such an action, is evident.' ... `Touching as it does the affairs of insurance corporations, which the state has peculiarly taken within its care and supervision, its enactment was quite within the sound discretion of the legislature, in the emergency which confronted it, of the possibility of suits interfering with the management of corporate affairs, and which might produce hopeless confusion, and might impair the efficiency of the company, if not wreck it.'" 153 Ind. at 106, 54 N.E. at 444.
Respondents argue that the action below was brought in behalf of Great Fidelity, rather than against it. However, the statute does not distinguish between plaintiff and defendant. It prohibits all such actions, except those brought by the Department of Insurance. This Court has previously stated:
"Section 39-5023, Burns' 1952 Replacement, prohibited the plaintiff from bringing an action for receiver at this time, and the exclusive right to bring such action was vested in the Department of Insurance of Indiana." State ex rel. Mid-West Ins. Co. v. Superior Court of Marion Co. et al. (1952), 231 Ind. 94, 98-99, 106 N.E.2d 924, 926.
In the Mid-West case the Court also stated that the Department of Insurance could *146 not intervene for plaintiff after such an action had begun, but that the Department would have to be the one to initiate proceedings. IC 1971 XX-X-XX-XX, Burns' Ind. Stat. Ann., 1965 Repl., § 39-5023. The Department of Insurance is specifically vested with the authority to order an insurance company to discontinue any illegal, unauthorized or unsafe practice. If the insurance company fails to obey such an order, the department is authorized to bring an action at law against the insurance company, its officers and agents, to obtain compliance. IC 1971 XX-X-X-XX, Burns' Ind. Stat. Ann., 1965 Repl., § 39-3323.
If the insurance company still refuses or is unable to return to sound business practices, the Department of Insurance may take over the property and business of the company for purposes of rehabilitation. IC 1971 27-1-4-1, Burns' Ind. Stat. Ann., 1965 Repl., § 39-3401. In the event of such a take over by the Department of Insurance, the Department
"... may, within six [6] years after any cause of action has accrued against any of the directors, trustees, officers, owners, attorneys in fact or employees of any insurance company, institute and maintain in the name of the department, any action or proceeding for the enforcement of any right, demand or claim which is vested in such insurance company or in the shareholders, members, policyholders or creditors thereof. [Acts 1935, ch. 162, § 49, p. 588.]" IC 1971 XX-X-X-XX, Burns' Ind. Stat. Ann., 1965 Repl., § 39-3421.
When plaintiffs' derivative action fails as to Great Fidelity, it also fails as to the other defendants. This Court has previously stated:
"`The corporation is a necessary defendant. In other words, the corporation on behalf of which plaintiffs sue must be made a party defendant so that a decree may appropriately give the corporation the fruit of any recovery by the plaintiffs. The corporation is not merely a proper party, but is an essential, indispensable party, and the failure to make the corporation a party is not a mere defect of parties but leaves the stockholder without a cause of action and the court without jurisdiction.'" Sacks v. American Fletcher National Bank and Trust Co. (1972), Ind., 279 N.E.2d 807, 811, 29 Ind.Dec. 596, 600.
The mandate action which is pending in the Posey Circuit Court as Cause No. 72-C-37 asks that the relator corporations be mandated to produce the shareholders' lists of their respective companies as provided in IC 1971 XX-X-X-XX, Burns' Ind. Stat. Ann., 1970 Repl., § 25-210. However, IC 1971 23-1-2-1, Burns' Ind. Stat. Ann., 1970 Repl., § 25-201 specifically excludes insurance corporations from the general corporation act; the statute which applies to insurance companies reads as follows:
"Every corporation shall keep correct and complete books of account and minutes of the proceedings of its shareholders, members or policyholders, directors, executive and/or finance committees, and it shall likewise keep, at its principal office, an original or a duplicate stock transfer book and/or records giving the names and addresses of all shareholders, members or policyholders, and if a stock company the number of shares held by each. [Acts 1935, ch. 162, § 94, p. 588.]"
IC 1971 XX-X-X-XX, Burns' Ind. Stat. Ann., 1965 Repl., § 39-3716.
The above statute does not require that a corporation's books be opened for inspection. Generally, the rights of a stockholder to inspect the books cannot be limited by the failure to include those rights in the statute. 18 C.J.S. Corporations § 502 (1939). In the event an insurance company refuses to allow the authorities to inspect its books, the Department of Insurance may order the corporation to permit such inspection. IC 1971 XX-X-X-XX, *147 Burns' Ind. Stat. Ann., 1965 Repl., § 39-3323. In determining whether the insurance company's refusal to submit records for inspection was contrary to law, the Department should consider whether the authority wishes to see the records for a "proper purpose." Charles Hegewald Co. v. State (1925), 196 Ind. 600, 149 N.E. 170.
The Department of Insurance must necessarily have control over the parent company with respect to its business with the insurance company. It would be improper to permit an action against the insurance company indirectly, where such an action cannot be maintained directly. To this end the legislature has enacted the Insurance Holding Company System Regulation which, among other things, provides regulation for the acquisition of control by proxy of the insurance company and its parent corporation. IC 1971 XX-X-XX-X, Burns' Ind. Stat. Ann., 1972 Supp., § 39-5802, which statute reads, in part, as follows:
"... [N]o person shall enter into an agreement to acquire control of a domestic insurer or of any corporation controlling a domestic insurer unless, at the time any such offer, request, or invitation is made or any such agreement is entered into, or prior to the acquisition of such securities if no offer or agreement is involved, such person has filed with the commissioner and has sent to such insurer and any such controlling corporation a statement containing the information required by this section and such offer, request, invitation, agreement or acquisition has been approved by the commissioner in the manner hereinafter prescribed."
In the mandate suit the plaintiffs have admitted that the purpose for acquiring the stockholder lists of the relator corporations is to gain control of them through a proxy fight. The Posey Circuit Court is without jurisdiction as to either of these corporations. IC 1971 XX-X-XX-X, Burns' Ind. Stat. Ann., 1972 Supp., § 39-5802, gives sole jurisdiction in this matter to the Department of Insurance.
The temporary writ of prohibition heretofore issued in this cause is made permanent.
The Posey Circuit Court is hereby mandated to grant relators' motion to dismiss Cause No. 72-C-37 and Cause No. 72-C-38 in the Posey Circuit Court and to expunge from the records of said court all entries contrary to the holdings in this opinion.
ARTERBURN, C.J., and HUNTER, J., concur.
DeBRULER, J., dissents with opinion in which PRENTICE, J., concurs.
DeBRULER, Justice (dissenting).
In this case we are called upon to interpret and apply the provisions of I.C. XX-X-XX-XX, being Burns § 39-5023, which provides:
"No order, judgment, or decree providing for an accounting or enjoining, restraining or interfering with the operation of the business of any insurance company, association, or society, to which any provision of this act is applicable, or for the appointment of a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the department, except in an action by a judgment creditor or in proceedings supplemental to execution."
The intent of the Legislature in enacting § 39-5023, is to insulate insurance companies from broad, equitable court orders, judgments and decrees, the effect of which would be to destroy or substantially impair the ability of an insurance company to continue operating as an ongoing business. Judgment creditors and the Department of Insurance are excepted from the prohibition of the statute, and thus may obtain such broad judicial orders. The statute clearly focuses on the judicial remedy *148 which a court may grant on behalf of a court claimant against an insurance company. In legal effect, the statute bars the institution of no claim. In practical effect, and in accordance with cases interpreting this statute, a trial court may dismiss a claim on a Rule 12(B)(6) motion, if the sole remedy sought by the claimant is one prohibited by the statute. If a claimant seeks two remedies, one which is prohibited by the statute, and another which is not so prohibited, the trial court has jurisdiction to hear the suit and afford the nonprohibited remedy. State ex rel. Mid-West Insurance Co. v. Superior Court of Marion County et al. (1952), 231 Ind. 94, 106 N.E.2d 924.
In the mandate suit below Judge Bach denied a Rule 12(B)(6) motion, and in so doing determined that he had jurisdiction to try the question of whether or not the plaintiffs were entitled to examine and inspect the stockholder lists of the two defendant corporations, in which plaintiffs were stockholders. This was clearly correct. Section 39-5023 does not bar the instituting and maintaining of a suit to compel an insurance company to permit examination and inspection of its stockholders list by a stockholder. A mandate order requiring such an inspection would not interfere with the operation of the insurance company, in the sense contemplated by the statute. The majority is clearly in error in mandating the *149 trial court to grant the motion to dismiss the mandate action below, being Cause No. 72 C 37.
In the derivative suit below, plaintiffs are stockholders of Great Fidelity Life Insurance Company, and instituted their action "on behalf of other stockholders similarly situated, in the right of Great Fidelity Insurance Company and for its benefit". Defendants in the suit are Great Fidelity Insurance Company, Southern Securities Corporation, and seventeen individual defendants who are the directors and officers of Great Fidelity and Southern Securities Corporations. This suit is correctly characterized as requesting some remedies which are prohibited by the terms of § 39-5023, and also requesting some remedies which are not so prohibited. For example, this statute would not serve to prohibit any order or judgment against Southern Securities Corporation, since that corporation is admittedly not an insurance company itself, although it owns the majority of stock in the Great Fidelity Insurance Company which is an insurance company. State ex rel. Meade v. Marion Superior Court (1961), 242 Ind. 22, 174 N.E.2d 408, 175 N.E.2d 423. However, on the other hand, plaintiffs make the following as part of the prayer of their complaint:
"5. Great Fidelity be restrained and enjoined from holding its annual meetings of stockholders and directors until such time as this Court can hear and determine the merits of the matters herein alleged and can make proper orders for the protection of Great Fidelity and its stockholders."
This part of the prayer could reasonably be construed as requesting a remedy, which if granted by the court would constitute an interference with the business of the defendant insurance company, Great Fidelity. Such an interference is prohibited by the statute. Under the holding of this Court in State ex rel. Mid-West Insurance Company v. Superior Court of Marion County et al., supra, the Posey Circuit Court below would have jurisdiction to entertain this derivative suit and afford any proper remedies against Southern Securities warranted by the law and evidence, and the effect of the statute would be to prohibit that court from enjoining the stockholders and directors meetings of Great Fidelity. Viewed correctly, this statute does not prohibit the exercise of jurisdiction of the trial court over a suit which requests both prohibited and nonprohibited remedies. The majority is in error in mandating the trial court to grant the motion to dismiss the entire suit below, being Cause No. 72 C 38.
I therefore dissent to the majority opinion and vote to deny the writ.
PRENTICE, J., concurs.