CELINA MUTUAL INSURANCE COMPANY, APPELLANT, *v.*
AMERICAN DRUGGISTS INSURANCE COMPANY, APPELLEE

(No. C-76372—Decided May 25, 1977.)

*Messrs. Graydon, Head & Ritchey* and *Mr. John J. Kropp,* for appellant.

*Messrs. Taft, Stettinius & Hollister* and *Mr. Thomas Y. Allman,* for appellee.

BETTMAN, J. This cause arises from the denial by the trial court of Plaintiff-appellant's prayer for a mandatory injunction ordering defendant-appellee to permit inspection and copying of the names and addresses of its shareholders. It presents two principal issues. First, is the right to inspect such list governed by the general corporation

law or by the statutes dealing with domestic insurance companies? Secondly, does the fact that the shareholder may have an interest in acquiring the corporation make his request for the shareholder list unreasonable or improper?

Both appellant, Celina Mutual Insurance Company (hereinafter referred to as "Celina"), and appellee, American Druggists Insurance Company (hereinafter referred to as "ADI"), are domestic insurance corporations. The evidence reveals that between December 1975 and May 1976 there were conversations and correspondence between top officers of the two companies. Celina made clear throughout that it was interested in a possible merger or consolidation with or acquisition of ADI. Although contacts were at first cordial, the officers of ADI eventually made clear they were not interested in ADI being acquired by anyone and would not turn over the shareholder list requested to Celina. At that point Celina purchased shares in ADI and at the time of filing this action was the record owner of twenty-five shares. It then presented to ADI its written demand as follows:

"The Celina Mutual Insurance Company, being the record and beneficial owner of shares of American Druggists' Insurance Company, hereby makes written demand to examine, by agent or attorney, the books and records of account and the records of shareholders of the American Druggists' Insurance Company and to make copies or extracts thereof for the purpose of securing information as to the details of the business of the American Druggists' Insurance Company and the status of its affairs, investigating whether there are any improprieties in its management and operation, and communicating with other shareholders regarding the affairs of the American Druggists' Insurance Company.

"The undersigned wishes to make such examination (and copies or extracts) at the earliest reasonable time."

I.

Upon its demand being refused, Celina brought the present action seeking a mandatory injunction ordering

ADI to permit its inspection and copying of the record of ADI shareholders.

ADI argues and the trial court held that since ADI is a domestic insurance company other than a life insurance company, the issues are governed by R. C. Chapter 3925. This chapter contains no provision for the right of a shareholder to demand a shareholder list. ADI specifically points to that portion of R. C. 3925.04 which states, in part:

"The board shall keep full and correct records of its transactions, which shall be open at all times to the inspection of the member or stockholders."

It contends that by failing to include in the section a right to inspect the shareholder list, the legislature intended there be no such right.

We see no merit in these contentions. R. C. Chapter 3925 makes no attempt to deal with every aspect of a corporation. It contains only such provisions as are specially required for the regulation of domestic insurance companies. R. C. Chapter 1701, on the other hand, deals with corporations for profit.

The determinative statute is R. C. 1701.98, which provides in pertinent part:

"(A) Except as provided in sections 1701.01 to 1701.98, inclusive, of the Revised Code, the provisions of said sections shall apply only to domestic corporations, and except as otherwise provided in this section, the provisions of said sections shall apply to all domestic corporations, whether formed under said sections or under previous laws of this state.

"(B) Special provisions in the Revised Code for the organization, conduct, or government of designated classes of corporations shall govern to the exclusion of sections 1701.01 to 1701.98, inclusive, of the Revised Code, on the same subject, except where it clearly appears that a special provision is cumulative, in which case it and the provisions of said sections on the same subject shall apply."

This section makes clear that the general corporation law governs *all* corporations except where there are special

provisions as to designated classes of corporations on the same subject.

R. C. 1701.37(C) provides:

"Any shareholder of the corporation, upon written demand stating the specific purpose thereof, shall have the right to examine in person or by agent or attorney at any reasonable time and for any reasonable and proper purpose, the articles of the incorporation, its regulations, its books and records of account, minutes, and records of shareholders aforesaid, and voting trust agreements, if any, on file with the corporation, and to make copies or extracts thereof."

The provision for a right to inspect and copy the record of shareholders provided for by this section is clearly not dealing with the "same subject" as the provision, in R. C. 3925.04, for a right to inspect the record of board transactions. At the very least, R. C. 3925.04 is cumulative and under R. C. 1701.98 both it and R. C. 1701.37(C) must apply.

It must be borne in mind that the right of an owner of property to know who his fellow owners are is basic. It existed at common law and has been part of the statutory law of Ohio since 1884.[2] It defies common sense to interpolate into these statutes an intent on the part of the legislature to deprive shareholders in an insurance company of so fundamental a right. Appellee's citations, *State, ex rel. Kearns,* v. *Rindsfoos* (1954), 161 Ohio St. 60; *State, ex rel. Great Fidelity Life Ins. Co.,* v. *Circuit Court of Posey Co.* (1972), 259 Ind. 441, 288 N. E. 2d 143, and *White* v. *Campbell* (Fla. App. 1968), 215 So. 2d 66, are inapposite.

Accordingly, we hold that Celina, as a shareholder in ADI, having made a written demand to inspect and copy the record of ADI shareholders, stating the specific purpose of its demand, is presumptively entitled, under R. C. 1701.37(C) to have its demand complied with.

## II.

ADI maintains and the trial court held that Celina's

---

[2] R. S. 3254 (1884); G. C. 8623-63 (1929); R. C. 1701.72 (1953).

demand was not for a reasonable and proper purpose as required by the statute. We disagree. Celina's written demand, set out above, was for purposes approved in so many words by the courts in *Lake* v. *Buckeye Steel Castings Co.* (1965), 2 Ohio St. 2d 101, and *Grossman* v. *Cleveland Cartage Co.* (1959), 8 Ohio Op. 2d 492. Hence, as spelled out in paragraph two of the syllabus of *Buckeye Steel Castings, supra,* ADI has the burden of proving that Celina's demand was improper or unreasonable in order to excuse its failure to comply therewith.

A review of the transcript discloses no evidence that Celina could or would use the ADI shareholder list for any competitive advantage over ADI; that Celina's purpose was in any way to cause embarrassment or loss to ADI or its shareholders; or that its purpose was other than finding out all it could about ADI in order to determine whether it wished to purchase more stock in order to gain control or acquire ADI. Gordon Barker, president of ADI, did testify that he was concerned lest contact with ADI shareholders by another insurance company might raise doubts in their minds about ADI. This was, however, pure speculation on his part. One could equally speculate that such contact would increase the value the shareholders would place on their ADI holdings.

The issue then is whether a shareholder who has expressed an interest in acquiring control of a company acts with an improper or unreasonable purpose within the meaning of R. C. 1701.37(C) when he requests shareholder lists. No Ohio case deals specifically with this problem. Several, however, cast light on the underlying meaning of "improper or unreasonable." Most recently, in *Buckeye Steel Castings, supra,* the Supreme Court stated:

"It has long been the general rule in this country that it is not necessary that there should be any particular dispute to entitle a shareholder to exercise the right of inspection. Nothing more is required than that, acting in good faith for the protection of the interest of the corporation and his own interests, he desires to ascertain the condition of the corporation's business." (Page 104.)

In *American Mortgage Co.* v. *Rosenbaum* (1926), 114 Ohio St. 231, where the corporation was in the business of selling its own stock and other securities and the shareholder desired the shareholder list to sell it to other brokers in competition with the corporation, the court ruled that where the shareholder, "intends to use the information sought, when secured, in such manner as will depreciate the value of the assets of the company and the value of the stock of all other stockholders, he is not entitled to a mandatory injunction * * * ." (Page 239.)

In *Bundy* v. *Robbins & Myers, Inc.* (1947), 50 Ohio Law Abs. 33, the shareholder's object was to forward his plan to have the corporation refinance its preferred stock. The court held he was entitled to the shareholders list notwithstanding the fact that through such refinancing he might gain some advantage in his business as an investment broker. The court said:

"The plaintiff has spent his own time, money and effort to further the advancement of the proposals which he has made and which he claims are to the interest of the company. If he secures the list of stockholders, he will thereby be placed upon an equal footing with the management and directors, who now represent the majority of the stockholders, to place before the shareholders such matter and argument in support of the plans as he has in mind for their consideration." (Page 41.)

Finally, in *Mayer* v. *Cincinnati Economy Drug Co.* (1951), 89 Ohio App. 512, the court granted plaintiff's prayer for a mandatory injunction even though the shareholder was an officer in a competing corporation and said he wanted the shareholder list "for his private information." The court emphasized the legal presumption of good faith and said, at page 518:

"Of course, good faith and honesty of purpose must actuate a shareholder in exercising his right to inspect, but a desire to protect and nurture his property and cause it to yield the maximum profit has no taint of bad faith or dishonesty toward anyone. The corporation is organized for profit and that motive is given legal sanction by the

law. The sovereign has not hestitated to call it a corporation for profit. * * * He owes duties to those who have joined with him in dedicating their property to a common enterprise to accomplish a common purpose, to wit, a profit. These duties are not to use his share of the common property in a capricious, irresponsible or hostile manner * * * ."

Synthesizing these cases we deduce that a shareholder's purpose in obtaining the list of shareholders can be his own interest, profit or advantage and can be to place before his fellow shareholders a proposition disapproved by the company management which he believes to be in their interest as well as his own. His purpose cannot be to use the list in a capricious, irresponsible or hostile way or in such a manner as to depreciate the assets of the company and the value of the stock of the other shareholders. Using these tests we conclude that the fact that Celina looked forward to a possible merger, consolidation or acquisition of ADI was not evidence of an improper or unreasonable purpose within the meaning and intent of R. C. 1701.37(C).

### III.

It being uncontradicted that Celina is a shareholder in ADI and that its written demand to examine and copy the record of shareholders pursuant to R. C. 1701.37(C) was refused, and this court having determined that ADI has failed to carry its burden of proof that the demand was for an unreasonable or improper purpose, the ultimate question is should a mandatory injunction issue.

It is well settled in Ohio that a mandatory injunction is the proper remedy. *Cincinnati Volksblatt Co.* v. *Hoffmeister* (1900), 62 Ohio St. 189. The issuance of the injunction is within the sound discretion of the trial court. Celina has here established a clear legal right. In evaluating the equities between the parties, we consider several factors. Shareholder lists are not as sensitive to exposure as other corporate records. *Lake* v. *Buckeye Steel Casting Co., supra.* A foundation of corporate democracy is the ability of a shareholder to communicate with his fellow shareholders. Opening shareholders lists is the only way

to prevent management from keeping out new ideas. Celina's acquisition of ADI may well be in the interest of ADI shareholders. In any case, as part owners of the company, they are entitled to make that decision. Ohio's "Take-Over" statute, with its provision for public release of all relevant information, for a public hearing and for supervision by the Director of Insurance, assures the shareholders the opportunity to make an informed decision in their own interest. In sum, we find all the equities on the side of granting the order prayed for.

The judgment of the Court of Common Pleas of Hamilton County is accordingly reversed and the case is remanded with instructions to issue the mandatory injunction directing defendant-appellee to forthwith permit plaintiff-appellant to inspect and make copies of its record of shareholders, and to take such further action as may be required by law.

*Judgment reversed and cause remanded.*

CASTLE, J., concurs.
KEEFE, J., dissents.

KEEFE, J., dissenting. The trial court, in my evaluation of this appeal, decided correctly in denying the injunctive relief sought by the plaintiff-appellant. I find impressive and apt supporting authority for the judgment below in *American Mortgage Co.* v. *Rosenbaum* (1926), 114 Ohio St. 231, which incidentally originated in a Hamilton County court, and *Lake* v. *Buckeye Steel Castings Co.* (1965), 2 Ohio St. 2d 101. I would affirm the judgment of the Court of Common Pleas.